THE PEOPLE, *ex. rel.* Micah Baldwin, *vs.* THE BOARD OF SU-
PERVISORS OF LIVINGSTON COUNTY.

Where the relator as marshal, appointed under the acts of March 12, and April
6, 1855, to take the census of Livingston county, presented to the board of
supervisors his account against the county for fifty-nine days' services as
such marshal at $2 per day, and the board audited and allowed the same
for forty days' services at $2 per day; *Held* that it was the duty of the su-
pervisors to examine and decide as to the number of days the marshal was
actually and necessarily employed; that in such examination and decision
they acted judicially, and if they committed an error it formed no ground for
a writ of mandamus.

DEMURRER to the return to an alternative mandamus.
The alternative mandamus recited that the relator was
appointed by the secretary of state to take the census for the
town of Lima, in the county of Livingston, pursuant to the
provisions of the act entitled "An act in relation to the census
or enumeration of the inhabitants of this state," passed March
12, 1855. That the relator thereupon entered upon and dis-
charged the duties of such office until the same was completed,
as required by the act. That "*the said Micah Baldwin was
actually and necessarily employed in the discharge of the duties
of said office, and in taking the census and enumeration of the
inhabitants of said town of Lima, as required by said act, fifty-
nine days.*" That the relator presented his account for such
services to the defendants, duly made out and verified as re-
quired by law, at a regular session of the defendants, for al-
lowance, &c., and that the defendants refused to audit or allow
the said account. The writ then commanded the defendants
to audit and allow the said account for fifty-nine days' services
as such marshal, at two dollars per day, &c., or show why, &c.

The defendants made a return to the writ, in the words fol-
lowing:

"The board of supervisors of the county of Livingston re-
spectfully certify to the justices of the supreme court: That
at the annual meeting of said board, held pursuant to law, in
the month of November last past, (1855,) the said relator

The People *v.* Supervisors of Livingston County.

Micah Baldwin, presented to said board his account for fifty-nine days' services which he claimed to have rendered as marshal in the town of Lima, in said county, under and by virtue of the act within mentioned. That said board, pursuant to the statute in such case made and provided, proceeded to examine, settle, audit and allow said account, and did examine, settle, audit and allow the same. That upon such examination and settlement, the said board ascertained and believed, found and determined, that said relator, Micah Baldwin, was not actually and necessarily employed as such marshal, under and by virtue of said act, fifty-nine days; and in like manner ascertained and believed, found and determined, that said relator was not so employed over forty days; and thereupon said board of supervisors audited and allowed said account of said relator for the sum of eighty dollars, pursuant to the statute and their duties in that behalf; and the said board of supervisors say that they have not refused to audit and allow the account of said relator, Micah Baldwin, for the services rendered by him as such marshal, as aforesaid."

The relator demurred to this return for insufficiency, and the defendants joined in demurrer.

*James Wood, jun.,* for the relator.

*Scott Lord,* for the defendants.

*By the Court,* WELLES, J. The 13th section of the act of March 12th, 1855, in relation to the state census, (*ch.* 64, *p.* 90, *of Sess. Laws of* 1855,) provides that "the accounts for the services of the marshals and county clerks, done under this act, shall be audited by the supervisors of the county where the services are performed, except in the city and county of New York, where it shall be done by the common council; and shall be assessed, collected and paid as part of the contingent expenses of such city or county;" and by the 3d section of the act of the same session, passed April 7th, (*ch.* 181,

*p.* 259,) amending the first mentioned act, each "marshal shall receive for his services rendered under and by virtue of the act hereby amended, the sum of two dollars and no more, for each day he is actually and necessarily employed, to be audited and allowed by the board of supervisors in the county where he shall reside." Neither of the above acts provides any mode by which the boards of supervisors shall determine the number of days any marshal has been actually and necessarily employed in performing the services, under the act. It is not contended, and cannot be successfully, that the claim of the marshal must be audited and allowed by the supervisors for any number of days which the former may claim, although verified by his oath.

The revised statutes provide, that the board of supervisors of each county in this state shall have power at their annual meetings, &c., among other things, "to examine, settle and allow all accounts chargeable against such county, &c. (1 *R. S.* 366, 367, § 2; *subd.* 2, 4th ed. 1st vol. 675, 676.) The account of the relator in this case was chargeable against the county of Livingston; and it was the duty of the supervisors to examine, settle, and allow it. The acts under which the services were rendered, fixed the *per diem* allowance therefor, and entitle him to be paid at that rate, for each day he was actually and necessarily employed. It follows, necessarily, that the supervisors must examine and decide as to the number of days, and when that is determined, the rest of their duty is ministerial; and if they omit to discharge it, a mandamus will lie to compel them.

But in the examination and decision of the question of the number of days the marshal was actually and necessarily employed, the board of supervisors act judicially; and if they commit an error in their decision, it forms no ground for the writ of mandamus. This is a principle too well settled to require the citation of any authority to prove it.

It is claimed by the relator that the return is defective, in not answering the statement in the writ that the relator was

The People *v.* Supervisors of Livingston County.

actually and necessarily employed fifty-nine days. The return states that the relator presented his account for fifty-nine days, and that the defendants thereupon examined, settled and allowed the said account. That upon such examination and settlement, they ascertained and believed, found and determined, that the relator was not actually and necessarily employed as such marshal fifty-nine days, and in like manner ascertained and believed, found and determined, that he was not so employed over forty days, and thereupon the supervisors audited and allowed said account for the sum of eighty dollars; and they deny that they have refused to audit and allow the relator's account for services rendered by him as such marshal.

If, in determining the number of days the relator was employed as such marshal under the aforesaid acts, the board of supervisors acted judicially, the number of days the relator was in fact so employed was, in respect to this proceeding by mandamus, wholly immaterial. The return shows that the defendants had judicially determined that question, and such determination must, in this proceeding, be regarded as final.

It is sufficient to say in conclusion, that we concur fully in the views of Mr. Justice Smith, expressed when these parties were before him upon this same question, as reported in 12 *How. Pr. R.* 204.

Judgment should therefore be given for the defendants on the demurrer.

[MONROE GENERAL TERM, December 7, 1857. *Johnson, Welles* and *Smith,* Justices.]