# SUPREME COURT.

## THE PEOPLE *ex rel.* ROBERT H. ELLIS agt. AZARIAH C. FLAGG, Comptroller.

The 6th section of the " Act relating to the board of supervisors of the county of New-York," passed April 15th, 1857, reads in this way:

" The finance department of the mayor, aldermen and commonalty of the city of New-York, and its officers, shall have the like powers and perform the like duties in regard to the fiscal concerns of said board, (of supervisors,) as they possess in regard to the local concerns of said mayor, aldermen and commonalty. All moneys drawn from the treasury by authority of the board of supervisors,

shall be upon vouchers for the expenditure thereof, examined and allowed by the auditor, and approved by the comptroller, and no such moneys shall be drawn therefrom except on the warrant drawn by the comptroller and counter-signed by the mayor and clerk of the board. And no other warrant shall be necessary for such purpose."

In this case, which was a bill of the relator, for furnishing stationery to the tax commissioners in April and May, 1857, *held*, that an audit and allowance by the board of supervisors, was not sufficient to authorize its payment: it must be examined and allowed by the auditor and approved by the comptroller.

*New - York General Term, March,* 1858.

THE relator, in the months of April and May, 1857, furnished stationery amounting to $167.13, to the tax commissioners of the city of New-York, which was used by them in the performance of their official duties. On the 1st of June, 1857, the bill was certified by the tax commissioners as correct, and on the 6th of July, 1857, the supervisors directed the comptroller, (the respondent,) to pay it. The bill was never examined or allowed by the auditor of the finance department of the mayor, aldermen and commonalty of the city of New-York. The respondent refused to draw his warrant as directed by the board of supervisors, and a motion was made at the special term, for a mandamus to compel him to do so. The motion was denied, and the relator appealed to the general term.

A. J. WILLARD, *for relator.*
A. R. LAWRENCE, JR., *for defendant.*

By the court—DAVIES, Justice. If this were a legal county charge, after its audit and allowance by the board of supervisors, a mandamus would lie to the county treasurer, to compel its payment. (*The People* agt. *Stout,* 13 *How.* 314; *Same* agt. *Same, in Downing's case,* 4 *Abb.* 25.)

But the act of April 15th, 1857, (*Laws of* 1857, *ch.* 590,) has introduced an entire change as to the powers of the supervisors of the county of New-York, and the mode of keeping their accounts, and the payment of county charges.

By section 6 of this act, the comptroller of the corporation

of New-York, is made the fiscal officer of the board of supervisors, and has the same powers in reference to the fiscal concerns of said board, that he possesses in regard to the concerns of the corporation.

And this section further declares : "That all moneys drawn from the treasury, by authority of the board of supervisors, shall be upon vouchers for the expenditure thereof, examined *and allowed* by the auditor and approved by the comptroller."

It is therefore too clear to admit of controversy, that since the act of 1857, an audit and allowance by the board of supervisors is not sufficient to authorize the payment of any money out of the treasury.

To comply with the mandate of this law, in addition to such audit and allowance by the board, the same must be examined and allowed by the auditor, and as a further check and safeguard, be approved of by the comptroller.

As in this case, there has been no examination and allowance by the auditor, nor any approval by the comptroller, which can only be after the auditor has examined and allowed the account, and which approval is made as essential as the auditor's examination and allowance—

The judgment of the special term denying the motion for a mandamus, must be affirmed with costs.