PEOPLE *ex rel.* BROWN, appellant, v. GREEN, comptroller, etc.

(No. 1.)

*Construction of statute — laws, 1870, chap. 190 — New York City — mandamus.*

By the provisions of Laws of 1870, chap. 190, all moneys drawn from the treasury of New York, for county expenditures, "shall be upon vouchers examined and allowed by the auditor, and approved by the comptroller." *Held,* that the auditor and comptroller were not authorized to examine and pass upon the claims themselves, but upon the vouchers only. The board of supervisors acts judicially in reference to charges against the county, and its action is final and conclusive. The duty of the auditor and comptroller is limited to a ministerial examination and approval of the vouchers and where a claim has been properly allowed by the board of supervisors the claimant is entitled to mandamus to compel the examination and allowance of his vouchers by the auditor and their approval by the comptroller. *People ex rel. Ellis* v. *Flagg,* 15 How. 553, criticised and limited.

Such claimant would not, however, previous to such examination, allowance and approval, be entitled to mandamus to compel the comptroller to pay the claim.

THE relator applied to the court for mandamus to compel the respondent to pay certain claims against the county which had been audited and allowed by the board of supervisors. This application was resisted by the respondent, on the ground that the claims had never been audited by the auditor of accounts in the finance department; and on the ground that they were not approved by the comptroller, and were not just and proper claims against the county. The opinion states the necessary facts.

*Brown, Hall & Vanderpoel,* for relator.

*E. Delafield Smith* (counsel to the corporation), for respondent.

BRADY, J. The case of *People ex rel. Ellis* v. *Flagg*, 15 How. 553, relied upon by the respondent, does not sufficiently maintain the proposition, that, under the statute of 1870 (chap. 190), the comptroller has a revisory power or concurrent power with the board of supervisors in auditing and allowing claims against the county. It is true that the statute therein considered is identically the same as that of 1870, but that adjudication must be regarded as intended to apply to the facts disclosed only. The claim presented in that case was allowed by the supervisors, and the comptroller directed to pay it. It was never, or as the report of the case states, the bill was never examined or delivered by the auditor of the finance department, and the comptroller refused to draw his warrant as directed. The mandamus applied for was to compel *him to pay*. The act of 1857, considered and applied in that proceeding, provides (Laws 1857, chap. 59, § 6) " that all moneys drawn from the treasury by authority of the board of supervisors shall be upon *vouchers* for the expenditure thereof, examined and allowed by the auditor and approved by the comptroller." The right of the relator to payment depended therefore upon the examination and allowance contemplated, that is, the examination and allowance of the vouchers by the auditor and the approval of the comptroller. The bill, that is, the voucher, had never been examined or allowed by the auditor, and it is clear that the relator was not entitled to the remedy which he sought to obtain. It was his duty to request the examination and allowance of the vouchers presented and the approval of the comptroller thereupon, and if any of the ministerial acts required were not performed, his remedy was to compel its performance by mandamus. The court was, under the circumstances, quite justified in saying, " It is, therefore, too clear to admit of controversy, that, since the act of 1857, an audit and allowance by the board of supervisors is *not sufficient* to authorize the payment of any money out of the treasury ; " but the further suggestion, which seems to be that the *claim* must be examined and allowed by the auditor and approved by the comptroller, was neither necessary to the decision of the appeal, nor warranted by the law of the land. The learned justice who delivered the opinion in that case does not say, that *the claim* must be examined and allowed, but says, " to comply with the mandate of this law, in addition to such audits and allowance by the board the same must be examined and allowed by the auditor, and, as a further check and safeguard, be approved of by the comptroller ; "

and then proceeds to the judgment of the court, " as in this case there has, been no examination and allowance by the auditor nor any approval by the comptroller which," etc., thus indicating, if it be not a positive statement thereto, that the relator must fail, because the prerequisites of examination and allowance by the auditor and approval by the comptroller had not been obtained. This case, therefore, which has been frequently cited as an authority to sustain the proposition that the auditor of the finance department has the right, under the act of 1870, to examine and allow an account, that is to pass upon its validity, notwithstanding its allowance by the board of supervisors appears, upon careful examination of it, to afford little support in that direction. The substance relates to the necessity of an examination and allowance by the auditor and approval by the comptroller, whether of the voucher or the claim does not distinctly appear, and the shadow, if the expression may be allowed, is the supposed declaration of the extended power of the auditor just stated. The right and duty of the auditor to examine the vouchers and to allow them under the act of 1853, chap. 217, § 13, cannot be questioned, and, therefore, Ellis, the relator in the case, *supra,* was not *rectus in curia,* and not entitled to the remedy he attempted to invoke. The distinction between examining and allowing the vouchers, and examining and allowing the claim, does not appear to have commanded the attention of the court in the case commented upon. The assumption seems to have been that the statute related to the demand, and that the authority of the auditor and comptroller was concurrent with that of the board of supervisors, although it is not expressly so said.

The distinction, however, is one which cannot be disregarded. As suggested by Justice SUTHERLAND in *People ex rel. Kelly* v. *Howe,* 12 Abb. 192, in discussing the effect of the provision of the act of 1853, herein set out, the power to examine, settle and allow accounts is one thing, and the power to examine, allow, and approve vouchers is another thing. The word " voucher " would seem to mean or imply evidence, written or otherwise, of the truth of a fact — that the services had been performed or the expenses paid or incurred; not evidence of a legal or mental conclusion on the question whether the services or expenses, assuming the services or the expenses to have been in fact performed, paid or incurred, are properly county charges, or are properly allowable when the account for them is presented for allowance, or should be allowed to A B or C D." The vouchers to

be presented, examined and allowed by the auditor are the account in proper form verified, the resolution of the board of supervisors allowing it, and the acquittance or discharge to be signed on payment being made. The duty of the auditor is to see to it that the resolution relates to the account and is genuine ; that the footing up of all the items, if several there be, is correct; that the account is verified properly, and that all these clerical duties shall have been duly observed to make the voucher a proper acquittance or discharge for the account paid. It was this safeguard that the legislature designed to perfect by the provision referred to, and thus to prevent the payment of an account on the resolution of the board of supervisors only, which might sometime facilitate frauds upon the treasury of the city. If, for example, the account of a claimant was allowed in a general way, one might be presented to the finance department, differing in amount from that passed upon by the board, or not properly certified, or not in compliance with the statute, which requires that the clerk of the board shall designate upon every account upon which any sum shall be audited and allowed, the sum audited and allowed, and the charges for which the same was allowed (see 1 Stat. at Large [Edmonds'], 340, § 12; also, 1. R. S. [5th ed.], 859, § 58), and the examination and allowance of the vouchers, that is, all the prerequisites to payment, would, in all probability, detect the fraud or omission, if the auditor did his duty. The approval of the comptroller is a check upon the auditor, the former, by his examination, being advised of the nature of the vouchers and of the action of the auditor. This view of the question accords with the general duties of the finance department, which are not only to pay the bills presented for settlement, but to see to it that all the clerical tests are applied to ascertain that the amount demanded is correct. In its relation to the board of super-. visors this is apparent. That body acts judicially in reference to charges against the county, and its action is final and conclusive. *Supervisors of Chenango* v. *Bidwell*, 4 Wend. 453 ; *Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26, 39; *People* v. *Supervisors of Schenectady*, 35 Barb. 408 ; *Huff* v. *Knapp*, 5 N. Y. 65 ; *People* v. *Supervisors of Livingston*, 26 Barb. 118 ; *People* v. *Start*, 23 id. 344; *People* v. *Lawrence*, 6 Hill, 244; *People* v. *Supervisors*, 9 Wend. 508 ; 2 Crary s Spec. Proc. 58 (3d ed.), and cases cited.

In this county its judgment does not, however, as we have seen, entitle the creditor to payment. He must submit his vouchers for

examination, allowance and approval. Act of 1870, *supra*. The board determines the existence of the indebtedness, and the finance department must see to it that proper vouchers are presented, examined and allowed. The two things are in harmony and entirely consistent with each other, one relating to the examination and allowance of the claim, and the other to its payment upon the proper vouchers. It was not intended that the auditor should sit in judgment upon the demand, and subject his decision to the approval of the comptroller. This would be, in effect, creating an appellate tribunal, composed of the auditor as the chief acting officer, and the comptroller as supervisory. Whether the proceedings on the part of the board of supervisors are the subject of review, if fraudulent, or from any cause illegal, is not the question now before us. It is not for us to say either, on this appeal, whether the mandamus should be refused as a matter of discretion. There is nothing on the record to justify us in holding either that the claim is unjust, or that the supervisors acted improperly in allowing it. The examination of its validity by the auditor is not a judicial proceeding. He had not the power to make it, and his conclusions, differing though they do from those of the supervisors, are not *per se* evidence of fraud or unfairness. They are nothing more than those of any citizen who should devote himself to the subject. They cannot intervene to defeat the judgment of a competent tribunal. The result of these views is, that the audit and allowance of the board of supervisors is conclusive of the right of the relator to recover his claim, subject only to the examination and allowance of his vouchers by the auditor, and the approval of the comptroller thereupon, and to the power of the court to intervene by due process in case of fraud or collusion shown. These conclusions are sustained by Mr. Justice SUTHERLAND in *People ex rel. Kelly* v. *Howe, supra,* and in the recent cases of *People ex rel. Haskell* v. *Green,* decided by Judge J. F. DALY in the common pleas; *People ex rel. Patrick Martin* v. *Earle & Green,* decided by Justice FANCHER at a special term of this court.

Notwithstanding these views and results, however, the relator must fail on this appeal. His application was for a mandamus to compel the comptroller to pay the demand allowed, and not to compel the auditor to examine and allow the vouchers and the comptroller to approve. The application hereto has not been made. The auditor has proceeded to examine and allow the claim as he

deemed best, but that is, as we have seen, not what he is to do. He has not examined or allowed the vouchers. The relator is not in a condition, therefore, to enforce payment until the statute is complied with, and he was not entitled to the relief demanded. He seems to have acted on the assumption that the credit and allowance of the board of supervisors were sufficient. In this he was in error. His course was to procure an examination and allowance of his vouchers, which, if refused, might be compelled in due process of law. The order appealed from must, for the reasons assigned, be affirmed.