THE PEOPLE ex rel. JACOB BAHN, RESPONDENT, v. THE BOARD OF SUPERVISORS OF CAYUGA COUNTY, APPELLANT.

*Military code*, § 125 — *certificate of commanding officer as to compensation of armorer — effect of.*

Under section 125 of the military code the certificate of the commanding officer, as to the amount due to an armorer, is conclusive upon the board of supervisors, and nothing remains for them to do but to levy, collect and pay such amount.

APPEAL from an order of Special Term, directing that a mandamus issue requiring the board of supervisors of Cayuga county

to allow the amount of the bill of the relator, for services rendered by him in taking charge of the armory at Auburn, New York.

*J. T. M. Davie,* for the appellant.

*W. E. Hughitt,* for the respondent

E. Darwin Smith, J.:

Section 124 of the act to provide for enrollment of the militia, and for the organization of the national guard, passed March 17, 1870 (Session Laws, chap. 80, p. 217), authorizes the commanding officer of each regiment to appoint a suitable person to take charge of the armory or place of deposit of his regiment, and of all uniforms or other property therein deposited.

The 125th section of said act provides that the person so appointed to take charge of an armory, shall receive a compensation not to exceed two dollars per day, for the time actually employed in the duties, indispensably necessary for the safe keeping and preservation of the property therein committed to his charge, which compensation, as certified to by the commanding officer appointing such person, shall be a county charge upon the county in which such armory is situated, and shall be levied, collected and paid in the same manner as other county charges are levied, collected and paid.

The relator, under this section, was duly appointed to take charge of the armory at Auburn, and his compensation was to be fixed by the commanding officer by whom he was so appointed, not to exceed two dollars a day for the time actually employed in the duties, indispensably necessary for the safe keeping and preservation of the property deposited in said armory. The word *compensation,* as first used in section 125, has obviously reference merely to the rate of compensation per day for the time employed. It was not to exceed two dollars a day for the time actually employed.

When the word is used a second time in said section, it obviously includes both the *rate* of compensation, and such rate applied to the time of service and employment of the person so employed for any given period in pursuance of such employment. It applies, and was intended to apply, to a bill or account for services rendered

by such armorer under such appointment. In respect to such bill or account, the compensation as certified to by said commanding officer, is declared to be a county charge. This means the bill or statement of account made out, stating the claim of such armorer for his services for the time, and at the rate therein specified.

The certificate of the commanding officer covers the entire claim of the armorer for the time specified therein, and fixes and allows, audits and determines the amount of such claim or account.

This was the clear object and intent of this section. It leaves nothing to be done by the board of supervisors, but to " *levy, collect and pay such amount.*"

The account was fixed and settled by the certificate of the commanding officer; as much as an account against a town would be finally fixed and settled, and liquidated by the audit of the town auditors. This commanding officer was made the auditor of the account, and of the amount finally. He was bound to audit it truly, and it would be a misdemeanor for him to audit a false account.

In the case of the *People* v. *Supervisors of Livingston* (12 How., 204), and same case (26 Barb., 118), the supervisors were the only body authorized to audit the account of the marshal. His account was an ordinary county charge — necessarily to be audited and passed upon by the board of supervisors.

It was the duty of the supervisors in this case to levy and collect the amount of the relator's account, as certified by the commanding officer appointing him, and they had no discretion on the subject. They had no power to review said account, or to go behind the certificate of such officer. It is a proper case for a mandamus within *The People ex rel. Johnson* v. *Delaware Supervisors* (45 N. Y., 196); *The People* v. *Otsego Supervisors* (51 id., 401), and the order directing such writ to issue, was correct and should be affirmed, with costs.

Order affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order directing peremptory mandamus to issue affirmed, with costs.