CASE No. 1115.

COUNTY OF RICHLAND v. MILLER, CLERK OF COMMISSIONERS.

1. For moneys alleged to be due to Richland county, an action may properly be brought in the name of "The County of Richland."
2. The clerk of the board of county commissioners from 1872 to 1876 was entitled to charge for the number of days he was actually and necessarily employed in discharging the duties of his office, and was not limited to the days his board was in session.
3. The accounts of such officer for his services as clerk having been duly audited by the board of county commissioners and ordered to be paid, their action, in the absence of mistake or fraudulent collusion, cannot be disregarded by a succeeding board, nor suit maintained by the county to recover back moneys received on the accounts so audited.

Before MACKEY, J., Richland, November, 1880.

Action commenced in May, 1878, by the county of Richland against Daniel B. Miller, as clerk of the board of county commissioners for Richland county.

The facts are sufficiently stated in the opinion of this court. The case seems to have been referred to the master, upon whose report the case was heard by the Circuit judge, without a jury. His findings of fact and conclusions of law were as follows:

FINDINGS OF FACT. 1. That the defendant was clerk of the board of county commissioners for Richland county from January 1st, 1874, to January 1st, 1877.

2. That during that period he rendered accounts against the county which contained illegal charges, as alleged in the complaint, amounting to the sum of $2,091.

3. That the said charges were audited, and the sum of $796.62 paid thereon to said defendant out of the county funds, at the times alleged in the complaint and exhibit.

4. That $57 of said sum so illegally charged and paid were for certain days' services which the defendant had previously

been paid for, and the remaining $739.62 were for days on which he did not render any service required of him by law as clerk of the board, and it is proved by the minute books of the board that the board did not meet on those days.

5. That the accounts of defendant themselves do not state what were the services charged for.

CONCLUSIONS OF LAW.   1. The words, " The County of Richland," used in the complaint, are a proper designation of the plaintiff.

2. The board of county commissioners were not acting as a court, but merely as an auditing board in passing upon the accounts in question, and their proceedings were *ex parte* as regards the county; therefore, the county is not concluded by their decision.

3. The defendant should have stated in his accounts what were the services he charged for on each particular day.

4. It having been proved that the board of county commissioners was not in session on the days for which the illegal charges sued on were made, the burden of proof was on the defendant to prove that those days were actually and necessarily employed by him, as clerk of the board, in the discharge of his duties under the statute.   On the contrary, he does not prove that he rendered any particular service upon any particular day of any week in the year; and the services he testified to as having been rendered by him, such as superintending the building of the court house, examining, approving and reporting on claims, &c., were not such services as devolved upon the clerk under the statute.   But, in fact, in so doing he was assuming to himself the functions of the entire board.   Still less should he receive pay for the entire day, when he examined, as he states, only one account.

*It is, therefore, ordered and adjudged,* that the plaintiff have judgment against the defendant for the sum of $796.62, with interest thereon from the dates when the several payments aggregating that sum were made to said clerk.

*And it is further ordered and adjudged,* that the said illegal

charges named in the above findings of fact be canceled, and that the said accounts of the defendant be corrected accordingly. And the defendant is hereby enjoined from collecting, and the county treasurer of Richland county is enjoined from paying the unpaid *pro rata* portion of said illegal charges. And the county commissioners are enjoined from drawing any order or orders therefor.

*It is further ordered,* that all moneys now in the hands of the county commissioners or the county treasurer for Richland county, to the credit of said D. B. Miller, or which may hereafter be in their hands or in the hands of either of them to his credit, be applied to the payment of this judgment, and that said county commissioners and said county treasurer are enjoined from paying any of the accounts of said D. B. Miller against said county, which he holds either as the original payee, or as assignee, or otherwise, until this judgment is satisfied.

The defendant appealed upon the following exceptions:

*First.* The defendant, Daniel B. Miller, excepts to the findings of fact numbered 2, 4, 5.

*Second.* The defendant excepts to the conclusions of law numbered 1, 2, 3 and 4.

*Third.* The defendant further excepts to the said judgment, and submits the following grounds therefor:

1. Because the court erred in ordering and adjudging, "That the plaintiff have judgment against the defendant for the sum of $796.62, with interest thereon from the dates when the several payments aggregating that sum were made to said clerk."

2. Because the court erred in ordering and adjudging, "That the said illegal charges named in the above findings of fact be canceled, and that the said accounts of the defendant be corrected accordingly. And the defendant is hereby enjoined from collecting, and the county treasurer of Richland county is enjoined from paying the unpaid *pro rata* portion of said illegal charges. And the county commissioners are enjoined from drawing any order or orders therefor."

3. Because the court erred in ordering and adjudging further, "That all moneys now in the hands of the county commissioners or the county treasurer for Richland county, to the credit of

said D. B. Miller, or which may hereafter be in their hands or in the hands of either of them to his credit, be applied to the payment of this judgment, and that the said county commissioners and the said county treasurer are enjoined from paying any of the accounts of the said D. B. Miller, which he holds either as the original payee, or as assignee, or otherwise, until this judgment is satisfied."

*Messrs. Melton & Clark* and *Youmans*, attorney-general, for appellant.

*Messrs. Bacon & Moore*, contra.

November 19th, 1881.   The opinion of the court was delivered by

McGOWAN, A. J.   Daniel B. Miller, the defendant, was clerk of the board of county commissioners for Richland county from January 1st, 1872, until 1876.   During that period, from time to time, he rendered his account for services as clerk of the board, which were audited, approved and ordered to be paid by the board.   Some of the accounts have been paid in full, others in part, and the remainder are still outstanding as unpaid county claims.

In the year 1877, a commission was appointed by the Governor to investigate the indebtedness of the county of Richland under the "Act to investigate and ascertain the actual *bona fide* indebtedness of the various counties in the State, and to regulate the manner of paying the same." 16 *Stat.* 312.   The duty of the commission was to report, in writing, a statement of said *bona fide* indebtedness to the board of county commissioners and to the general assembly at its next session thereafter.   This commission, after laborious and careful inquiry, rejected the claims of the defendant as clerk of the board of county commissioners, in so far as the same contained charges for services rendered upon *days on which the board did not meet for the transaction of business.*   They ascertained that for the whole period the defendant was clerk, he charged for six hundred and seventy-eight days on which the board did not meet, amounting,

at $3 per day, to the sum of $2,034, of which the defendant had received, at various times, in part, $739.62. Besides it was admitted that there was a mistake of nineteen days, which amounted to $57, wrongfully charged.

This report was placed in the hands of the grand jury of the county, which recommended "that the solicitor be ordered to take such legal steps as may be necessary for the protection and good of the county as suggested by the said report of the said commission."

Accordingly, this action was brought in the name of "The County of Richland," under the recommendation of the grand jury, for the purpose of recovering back from the defendant so much of said accounts alleged to be illegal as had been paid to him, and also for the purpose of enjoining the payment of the remainder. The defendant made defense that the county could not sue by the designation "The County of Richland," denied that the claims were illegal, and insisted that, the county commissioners having audited and allowed the claims, the county was concluded by that action until reversed or set aside.

The cause came on to be heard before Judge Mackey without a jury, who held: 1. That "The County of Richland" was the proper designation of plaintiff. 2. That the county was not concluded by the action of the board of county commissioners upon the claims of the defendant. 3. That certain of the charges contained in defendant's accounts were illegal, as they were for services rendered *upon days on which the board did not meet.* The judge gave judgment for said alleged illegal charges, which had been paid by the county, viz., $796.62, and for the cancellation of the remainder, and enjoined Miller from collecting, and the county commissioners and county treasurer from paying any accounts held by the defendant against the county. From this judgment the defendant appeals to this court.

This case was heard in connection with that of " *The County of Richland* v. *Daniel B. Miller, as Clerk of the Court of Common Pleas,*"* which is to be re-argued, but, as this case does not involve the difficulties which made a re-argument of the other necessary, we will now deliver the judgment in the case.

* See next case, *post.*

We will consider the exceptions of defendant:

*First.* As to the capacity of plaintiff to sue. Section 28 of Chapter XVIII., *Gen. Stat.*, under the head of "Counties and their Corporate Powers," declares that "*Richland county* is bounded as follows," &c., and in Section 34 declares that "Each county shall be a body politic and corporate for the following purposes: To sue and be sued," &c., but neither this act nor the constitution anywhere declares in express terms what shall be the title of Richland county as a corporation. The meaning of the phrase, "The County of Richland," seems to us to be precisely equivalent to that of "Richland County." It appears that the two forms of expression are used indifferently in the constitution and laws, and we cannot say that the expression, "The County of Richland," is not a proper designation of the plaintiff. The question is really one only of words. A corporate body is merely ideal and does not move until put in motion. In some of the States where counties have such bodies as our board, the practice is to sue in the name of such board. In New York, the county is required by law to sue in the name of its board of supervisors. There is no such provision in this State, but this is substantially an action by the present board of county commissioners of Richland county; for, if a recovery should be had, the money could only be received by the treasurer, the financial agent of the county, under the direction and control of the county commissioners.

*Second.* The defendant further insists that the complaint to recover back money paid does not state facts sufficient to constitute a cause of action. He denies that any of the items were illegal, but, if so, as they were regularly audited and ordered to be paid by the board of county commissioners for Richland county for the time being, he insists that the plaintiff is estopped from recovering back money which has been paid upon claims so audited, and that it was error in the Circuit judge to rule that "The board of county commissioners were not acting as a court in passing upon the accounts in question, but *merely as an auditing board*, and their proceedings were *ex parte* as regards the county, and, therefore, the plaintiff is not concluded by their decision." We believe the point is new in this State, and cer-

Q

tainly it is one of importance. We will not now enter into the inquiry whether the particular items of the accounts indicated in the complaint were, as alleged, illegal, or overcharges, but confine ourselves to the question whether the board of county commissioners, who were in office at the time, and audited and paid the claims, had the power to consider and decide that question, so as to preclude the county of Richland from now disregarding that audit and recovering back the money paid thereon.

The question is purely legal, and cannot, in any way, be affected by the report of the commissioners appointed by Governor Hampton to investigate the indebtedness, or the presentment of the grand jury of the county. This is not a suit to set aside the action of the board of county commissioners for fraud in officials, or for other cause, nor is it an effort by the present board of county commissioners to revise the audit of their predecessors, but, ignoring that action as if it had never taken place, it is an action at law in the nature of *an action of assumpsit* for money had and received by the defendant, which he ought not to retain, but which *ex equo et bono* belongs to the plaintiff.

This case rests upon peculiar grounds, and it will not be necessary here to consider the character of the organization and the jurisdiction of the board of county commissioners in auditing accounts generally.

In reference to the compensation of the clerk of the board, the law provided as follows: "Each board of county commissioners shall appoint some proper person to be their clerk whenever necessary, and may remove him at pleasure, whose general duties it shall be, &c. * * * Said clerk shall take the oath prescribed by the constitution. He shall receive a reasonable compensation for his services, to be fixed by the board, not to exceed three dollars per day for the time actually and necessarily employed," &c.

This was the law during the whole time in which these services were rendered. By the act of 1877, "to reduce the pay of county commissioners and their clerks," (16 *Stat.* 235,) the pay of county commissioners was reduced from three to two dollars per day for each day actually consumed in the service of their respective counties, and the pay of clerks was reduced to

two dollars per day "for each day employed and allowed by their respective boards, but not in excess thereof; *provided,* that not more than one hundred days shall be allowed to any clerk for any one year," &c. In 1880 (17 *Stat.* 509) the law was again amended so as to allow the county commissioners for Richland county pay for *one hundred days,* and their clerk "not in excess of *two hundred days* in any one year." But, at the time the accounts of the defendant were rendered and allowed, there was no limit to the number of days in any one year in which the clerk might be employed and be paid for. We are unable to see anything which made it unlawful for the clerk to charge for *more days than the board was in session,* provided he was actually and necessarily employed. The law fixed no limit, and it is not perceived that the nature of the clerk's duties were confined to days when the board was in session. The last act upon the subject (1880) provides pay for the county commissioners for *one hundred,* and for their clerk *two hundred days in the year,* which would seem to indicate that, in the view of the legislature, the duties of the clerk could not be performed in the same time in which the commissioners could discharge theirs. It may be that the defendant was required to perform services for an ignorant and inexperienced board which were beyond the range of his appropriate duties as clerk. It may be possible, although the proof seems to be to the contrary, that the county commissioners for the time being, allowed their clerk, who did most of their business for them, pay for more days than he was "actually and necessarily employed," but the law made them the exclusive judges of the matter. The clerk was entitled to reasonable compensation, "to be fixed by the board," and the action of the board in auditing and ordering paid the accounts of defendant cannot now be disregarded by the present authorities of the county, and the money paid recovered back, except in case of mistake or fraudulent collusion. "So, when it is necessary for county supervisors, in passing upon an account presented against the county for services rendered, *to determine the number of days of actual service,* their decision as to this matter will be regarded as a judical decision, and not subject to revision by proceedings

in *mandamus."* *High Extr. Rem.* § 345; *People* v. *Supervisors of Livingston County,* 26 *Barb.* 118.

The clerk of the board of county commissioners is not one of the officers upon whom the law imposes a penalty for charging excessive fees, and the complaint in this case contains no cause of action for a penalty.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial, *unless* the plaintiff shall, within ten days after written notice of this judgment, remit upon the record of the Circuit Court all of the amount recovered in excess of the sum of $57, admitted by the defendant in his answer to have been overpaid him by mistake.

SIMPSON, C. J., and McIVER, A. J., concurred.