(53 App. Div. 613.)

## PEOPLE ex rel. VILLAGE OF BROCKPORT v. SUTPHIN et al.

(Supreme Court, Appellate Division, Fourth Department.　July 24, 1900.)

1. CERTIORARI—MUNICIPAL CORPORATIONS — POLICE OFFICERS — CLAIMS—ESTOPPEL.

Laws 1897, c. 414, §§ 185, 190, provide that all claims for fees in criminal actions which would be payable to a police justice or a policeman if he was not paid a salary, and which are a town or county charge, must be presented to the town or county for audit, etc.　Relator presented its claims against defendant town, in writing, under a caption stating them to be for services "chargeable against defendant under Laws 1897, c. 414, §§ 185, 190." Under this act claims were only chargeable against the town where the claimants were salaried officers.　The petition for a writ of certiorari and the writ itself also alleged that the officers for whose services claims were presented were salaried.　Held, that defendant, having failed to traverse the statements contained in the written claims and in the petition and writ, could not contend on appeal that there was no proof that the officers performing the services were salaried officers.

2. SAME—VERIFIED CLAIMS—EVIDENCE—SUFFICIENCY.

Where verified claims for services as police justice and policeman were presented to defendant town and disallowed, without any demand for further proof of their correctness than that contained in the bills themselves, defendant cannot be heard to complain, in a certiorari proceeding to review its action, that no evidence in support of the claims was furnished.

3. SAME—TITLE TO OFFICE—COLLATERAL ATTACK.

In an action for fees as police justice and policeman, the title of claimants to the offices, the duties of which they have been performing, cannot be collaterally attacked.

4. SAME—DISALLOWANCE OF CLAIMS—APPEAL.

Laws 1890, c. 569, providing that, if claims of a justice of the peace or town constable for fees in criminal cases are disallowed by a town board, the party presenting the same shall have the right of appeal to the board of supervisors of the county, does not apply to claims of police justices and policemen in the village of Brockport; such claims being against the village alone.

5. VILLAGES—INCORPORATION—ELECTION—VALIDITY.

Under Laws 1870, c. 291, providing for the reincorporation of villages, giving them the right to determine by an election whether they would reincorporate thereunder, and providing that the polls at such election should be open from 1 o'clock in the afternoon until sunset, an election held from 10 a. m. to 3 p. m. was invalid.

6. SAME—ESTOPPEL.

An objection to the validity of an election on the ground that the polls were not open during the hours prescribed by the statute cannot be raised after 25 years of acquiescence.

7. STATUTES—TITLE—SUBJECTS INCLUDED—VALIDITY.

Laws 1873, c. 84, provides for the election, compensation, and duties of the assessors of the village of B.; authorizes the trustees thereof to raise and expend a highway tax, and to regulate the keeping of billiard tables, etc., for hire; confirms and validates a special election held in B.; creates the office of police justice in said village, and defines his jurisdiction.　Held, that the title, "An act in relation to the village of Brockport," is broad enough to include all these subjects, and the act is therefore not repugnant to Const. art. 3, § 16, requiring that "the subject of all bills which may be passed by the legislature shall be clearly expressed in the title."

8. CERTIORARI—TOWN BOARD—PRESENTATION OF CLAIMS—AUDIT—ABSTRACTS—CERTIFYING TO SUPERVISORS.

Laws 1890, c. 569, § 170, provides that boards of town auditors shall annually make abstracts of the names of all persons who have presented accounts to be audited, the amount claimed by each, and the amount allowed by the board, and shall deliver such abstracts to the clerk of the

66 N.Y.S.—4

board of supervisors. Relator presented claims for services rendered by its police officers in 1898 and 1899. Both claims were disallowed, but only the latter were certified to the clerk of the board of supervisors. *Held* that, as to the claims for 1899, defendant town had so far lost jurisdiction that its action could not be reviewed by certiorari, but, as to those of 1898 the duties of the board never having been completed, its jurisdiction was not terminated, and its action could be so reviewed.

Spring and Laughlin, JJ., dissenting.

Certiorari by the people, on the relation of the village of Brockport, against John Sutphin and others, constituting the town board of the town of Sweden, in the county of Monroe, to review the proceedings of defendant in the matter of certain claims presented to it by relator. Determination of defendant as to part of the claims reversed; and as to others, writ dismissed.

The village of Brockport, which is located in the town of Sweden, Monroe county, has a population of about 4,000 people, and was first incorporated in the year 1829. On the 25th day of June, 1872, by the majority of votes cast at a special election held for that purpose, it was determined to reincorporate under the general act for the incorporation of villages (chapter 291, Laws 1870). Some question thereafter arising as to the regularity and validity of this election, the same was confirmed and validated by an act of the legislature (Laws 1873, c. 84, § 5). The village has an organized police department, consisting of a police justice and policemen, with provision for an acting police justice in case of necessity. During a portion of the year 1897, the whole of the year 1898, and a part of the year 1899, the persons whose names are mentioned in the petition and writ herein were assuming to perform the functions of police justice, acting police justice, and policemen, respectively, in such village, and it is alleged that for the services rendered by them they were paid salaries by the village. The defendants constitute the town board of the town of Sweden, and as such are authorized and required by law to audit claims against the town. Laws 1897, c. 481, § 162. By the provisions of sections 185 and 190 of the general village law (Laws 1897, c. 414), all claims for fees in criminal actions and proceedings which would be payable to a police justice or a policeman if he were not paid a salary, and which are a town or a county charge, are required to be presented to the town or county to which they are chargeable for audit; and all orders or warrants therefor are made payable to the treasurer of the village, who is authorized to collect the amount thereof. At a meeting of the town board of the town of Sweden on the 10th day of November, 1898, held for the purpose of auditing accounts, the accounts of the several officials above rererred to against the village of Brockport were presented by the village for audit. The board voted to reject each and all of such claims, solely upon the ground that they were not legal charges against the town, but neglected to make and file any certificate of such audit and rejection. At the meeting of the town board in October, 1899, the accounts of these officials from the date of the last audit were presented by the village, and the same were wholly rejected, the proper certificates were filed, and the fact of the disallowance was stated in the abstract furnished to the clerk of the board of supervisors for that year. Subsequently and on the 20th day of November, 1899, the vote disallowing the claims presented in November, 1898, was reconsidered, and thereupon such claims were again disallowed, and certificates to that effect were filed with the town clerk; but the claims, and the fact of their disallowance, were not included in the abstract furnished to the supervisors for the year 1899. Thereafter, and on the 30th day of December, 1899, the relator obtained a writ of certiorari, which was made returnable within 20 days; but the time to make the return was extended to, and such return was actually made upon, the 27th day of February, 1900.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

William F. Cogswell, for relator.
Delbert A. Adams, for respondents.

ADAMS, P. J. The relief sought by this proceeding is a reversal of the judgment of the town board, and the real question to be determined involves the validity of the relator's corporate existence. Several minor questions, which are somewhat technical in their character, have also been injected into the case, and to these it is proper that some attention should be paid before entering into a discussion of those which constitute the real gist of the controversy between the parties.

It will be observed by reference to sections 185 and 190 of the general village law (Laws 1897, c. 414) that it is only in cases where the officials therein mentioned are paid salaries that the town or county is required to reimburse the village for such fees and services as these officials would be entitled to recover from the town or county if they were not paid salaries; and it is contended that inasmuch as no proof was furnished at the time of the audit, and no express admission can be found in the return, that salaries were paid to the police justice and policemen of the village of Brockport, it must be assumed as a fact fully established that no salaries were paid to these officers, and that, such being the case, the relator has no claim against the town. To meet this objection, reference is made to the petition and writ, which expressly allege and recite that the officials therein mentioned were paid regular salaries for the services rendered by them, respectively; and it is asserted that inasmuch as the proceeding is to be heard upon the writ and return, and the papers upon which the writ was granted (Code Civ. Proc. § 2138), this allegation, in the absence of any denial thereof in the return, stands admitted. In other words, it is claimed that the petition, writ, and return are to be treated as pleadings in an action, and that they are subject to the same rules of construction. This, however, is not an action. It is, rather, a special proceeding, which is to be governed by rules peculiarly adapted to such proceedings. People v. Palmer, 86 Hun, 513, 33 N. Y. Supp. 926. And it seems now to be well settled, under the provisions of section 2138, Code Civ. Proc., that the court is not at liberty to look beyond the return, and consider the facts stated in the petition and accompanying papers, unless the return is an admission of those facts, or the equivalent of an admission. People v. Wurster, 149 N. Y. 549, 44 N. E. 298; People v. York, 45 App. Div. 503, 61 N. Y. Supp. 400. There is no such admission in respondents' return. On the contrary, while not denying that these officials were paid salaries by the village, it is alleged that there was no proof of that fact before the board at the time the bills were audited. This allegation, however, is not supported by the papers contained in the record, which furnish at least prima facie evidence that the officials in question were receiving salaries by way of compensation for their services, which, in the absence of any negation thereof, either by way of proof or express averment, we think, may be regarded as sufficient for the purposes of this hearing. For example, the claims presented to the town board were in writing, and purported to set forth in detail the services ren-

dered, the name and official character of the person rendering the same, the proceeding in which they were rendered, and the fee charged therefor, in each instance. Moreover to each particular account a caption was attached, which stated that the town of Sweden was indebted to the village of Brockport for services of the person named therein, either as a policeman or police justice, chargeable or payable under section 185 or 190 of chapter 414 of the Laws of 1897. As has already been made to appear, these claims would not be chargeable or payable by the town, under either of these sections, unless the officer who rendered the services and made the charge was paid a salary by the village; and, such being the case, the declaration was, we think, equivalent to a statement under oath that the person making it was a salaried officer of the village of Brockport. The respondents, in the twelfth subdivision of their return, having admitted that they received these several verified bills, and having failed to traverse such proof as they furnish, or to deny the express averment contained in the petition and writ, cannot now with very good grace assert that the record contains no proof whatever of the essential fact of salaried service. The return was obviously drawn with much care, and with the designs of raising every question which was available to the respondents, and its omission to tender any issue upon this important subject is certainly significant, if not conclusive.

It is further urged that no evidence in support of the claims, other than the bills themselves, was furnished to the town board, and that it was not made to appear that all the formalities for the appointment of the police justice and policemen named therein had been observed. In answer to the first of these propositions, it is necessary only to suggest that the bills were duly verified, that each one of them showed upon its face that the service charged for was rendered in the town of Sweden, that no further or other proof of their correctness was demanded, and that they were rejected without inquiring as to their merits, although two of the persons who had rendered the services charged for were ex officio members of the board of audit. It is true that the statement and verification were furnished by an interested party, and for that reason the board were not compelled to accept them, although uncontradicted. In re Lanehart, 32 App. Div. 4, 52 N. Y. Supp. 671. But, if the same were insufficient or for any reason unsatisfactory, it was the duty of the board to notify the claimant in order that a correction might be made. People v. Board of Sup'rs of St. Lawrence Co., 30 How. Prac. 173.

As respects the failure of the several officers to accompany their bills with proof of official title, it is sufficient to say that the title to the office, the duties of which they were respectively performing, cannot be inquired into collaterally. In re Grady, 15 App. Div. 504, 44 N. Y. Supp. 578. It is not pretended that they were not de facto officers of the village of Brockport. Neither is it denied that as such they had rendered the services charged for, or that the town had received the benefit thereof.

Again, it is insisted that section 163 of the town law (Laws 1890, c. 569) furnished a remedy which the relator was bound to pursue, rather than the one resorted to. This section provides that if an account

of a justice of the peace or town constable for fees in criminal proceedings is audited by a town board and disallowed, or the amount thereof is reduced, the party presenting the same shall have the right of appeal to the board of supervisors of the county, which latter board may audit and allow the account. But the very obvious obstacle in the way of the relator's availing itself of this statute is that the accounts which it is seeking to collect are not those of a justice of the peace or town constable. On the contrary, they are the accounts of certain police justices and policemen of a village, for the collection of which another remedy is expressly provided by statute; and this remedy, when resorted to, excludes the right to either appeal or bring suit. People v. Board of Sup'rs of Livingston County, 26 Barb. 118; Adams v. Board of Sup'rs of Oswego County, 66 Barb. 368; Martin v. Greene Co. Sup'rs, 29 N. Y. 645. As was said by Andrews, J., in Osterhoudt v. Rigney, 98 N. Y. 222–232:

"The board of audit is the tribunal to which the law has committed the settlement and adjustment of town charges, and the purpose for which it was created would be, to a great extent, defeated, if its decisions could be drawn into controversy in the courts whenever an error of judgment should be alleged."

With these preliminary questions thus disposed of, we are now brought to a consideration of the proposition advanced by the respondents in justification of their action in rejecting the bills which constitute the relator's claim, and the one which, as has already been intimated, doubtless has given rise to the controversy between the town and village, viz. that the attempted reincorporation of the village of Brockport under the act of 1870 was void because (1) of certain irregularities in the special election of 1872; and (2) because of the unconstitutionality of the act of 1873, which was designed as a corrective for such irregularities. The reincorporation act (Laws 1870, c. 291) gave to any village theretofore incorporated the right to determine by a vote of its electors whether it would surrender its special charter and incorporate itself under the general law. Taking advantage of the privilege thus conferred, a special election was held in the village of Brockport on the 25th day of June, 1872, at which, by a vote of 167 to 135, the proposition to reincorporate was adopted. It seems, however, that under the provisions of this act it was required that an election for such a purpose should be held from 1 o'clock in the afternoon until sunset of the same day (Laws 1870, c. 291, § 30, tit. 8; Id. § 5, tit. 4; Id. § 15, tit. 2), whereas at this particular election the polls were opened at 10 o'clock in the forenoon and closed at 3 o'clock in the afternoon, though the sun did not set on that day until about half past 7 o'clock. It cannot, of course, be denied that there was here a very serious departure from the plain letter of the statute, and one which, had the question been duly and properly raised, would doubtless have invalidated the election; but the result was not only duly declared and certified in accordance with the requirements of the statute, but it was apparently acquiesced in by everybody for upwards of a quarter of a century, and not until the attempt was made to collect the relator's claims of the town of Sweden was any question of irregularity raised. In the meantime, and on

the 14th day of March, 1873, the legislature passed an act validating and confirming the attempted reincorporation of the village and all the proceedings had for that purpose, the election of the village officers pursuant thereto, and all the acts and proceedings of the board of trustees and other officers so elected. This act, it must bé conceded, effectually remedied all irregularities in the election of June 25th, provided there was nothing in the act itself which was violative of the fundamental law of the land. It is insisted, however, that the act embraces subjects other than the one expressed in its title, and that for that reason it is repugnant to section 16 of article 3 of the state constitution, which declares that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." But what these different subjects are is not made entirely clear, nor are we able to discover, upon careful examination of the various provisions of the act, any foundation for the respondent's contention. The act is entitled "An act in relation to the village of Brockport" and it contains seven sections. The first two relate to the election, compensation, and duties of the assessors of the village; the third authorizes the trustees, under certain restrictions and limitations, to raise and expend a highway tax; the fourth empowers the trustees to license, regulate, and prevent the public use of, or keeping for public use or hire, billiard tables or ball alleys within the village; the fifth, as has already been stated, confirms and validates the special election; the sixth provides for the election of a police justice, and defines the jurisdiction and power of that official; and the seventh declares that the act shall take effect immediately. Thus it will be seen that each separate provision of the act does relate to the village of Brockport, and consequently the act in its entirety is one which fully justifies and is correctly defined by its caption or title. It is no part of the duty of courts to scrutinize too closely the details of a bill, in order to discover therein some constitutional infirmity. On the contrary, they should indulge every presumption in favor of the validity of legislative acts, and endeavor to uphold them until convinced that there is a substantial departure from the organic law; and where, as in this case, the title of a local bill expresses a general purpose or object, all matters fairly and reasonably connected therewith, and all measures which will or may facilitate the accomplishment of such purpose or object, are properly incorporated into the act, and are germane to the title. In short, it is not necessary that the title should specify each particular subject, if the general object as declared is sufficiently comprehensive to embrace the various provisions of such a bill. People v. Briggs, 50 N. Y. 553; Neuendorff v. Duryea, 69 N. Y. 557. We are of the opinion that the subject of an act as expressed in the title, "An act in relation to the village of Brockport," properly relates to and embraces the various objects accomplished by the act in question, because each and every one of those objects is quite germane to the general subject; and, if this be so, it necessarily follows that the act does not violate either the letter or the spirit of the constitution in the respect claimed. Van Brunt v. Town of Flatbush, 128 N. Y. 50, 27 N. E. 973.

Some question is also raised as to the right and power of the legis-

lature to create local magistrates and to confer upon them criminal jurisdiction, but that the legislature does possess such power is too well settled to justify any discussion of the subject. Curtin v. Bartin, 139 N. Y. 505, 34 N. E. 1093; People v. Whitney, 32 App. Div. 144, 52 N. Y. Supp. 695. And we therefore proceed to the consideration of the only remaining question, and the one which is not altogether free from embarrassment.

It is contended by the learned counsel for the defendants that, even admitting the entire validity of the relator's claim, and that it was the duty of the respondents to audit and allow the same, a review of their proceedings cannot be accomplished by certiorari, for the reason that when the writ herein was issued the town board had adjourned, and consequently had lost jurisdiction of the proceedings; and, in so far as the writ seeks to review the action of the respondents in auditing and rejecting so much of the relator's claim as relates to the bills of the police justice and policemen of the village of Brockport presented for audit in the year 1899, we think this contention is well founded; for, as to those accounts, it appears that the respondents have in all respects complied with the requirements of section 170 of the town law (Laws 1890, c. 569), which provides that:

"Boards of town auditors, shall annually make brief abstracts of the names of all persons who have presented to them accounts to be audited, the amounts claimed by each of such persons, and the amounts finally audited by them respectively, and shall deliver such abstracts to the clerk of the board of supervisors, and the clerk shall cause the same to be printed with the statements required to be printed by him."

And, having done this, the board thereby lost all control over and jurisdiction of the matter. In discussing this precise question it was said by the court of appeals in a somewhat recent case, that not only is the issuing of such a writ discretionary, "but, to be effectual, it must be prosecuted while the board of audit has jurisdiction of the proceedings. Its jurisdiction of accounts presented for audit terminates with the delivery to the supervisor of the schedule of audited accounts, and after that has been done a certiorari directed to the board would be fruitless. * * * The remedy by certiorari therefore must be taken, if at all, before the delivery of the certificate of audited accounts to the supervisor. * * *" Opinion of Andrews, J., in Osterhoudt v. Rigney, 98 N. Y. 230. It is true that this expression of opinion was incidental to the real question at issue in the case just cited, and that since the decision of that case the appellate division of the Third department, by a divided court, has applied a different rule. People v. Board of Auditors of Town of Champlain, 33 App. Div. 277, 53 N. Y. Supp. 739. The weight of authority, however, seems to be decidedly in accord with the doctrine enunciated by Judge Andrews in the Osterhoudt Case. People v. Auditors of Town of Delhi, 5 Hun, 647; People v. Auditors of Town of Hannibal, 65 Hun, 414, 20 N. Y. Supp. 165; People v. Town of Pelham, 74 Hun, 83, 26 N. Y. Supp. 122; People v. Board of Auditors of Town of Hempstead, 49 App. Div. 4, 63 N. Y. Supp. 114. But as respects the bills presented to the town board in 1898 the case is somewhat different. It is not pretended that any abstract of these bills was ever delivered to the board of

supervisors. A schedule of claims audited by the town board that year was presented to the board of supervisors, it is true, but it contained no mention of or references to those here in dispute. Now, the statute requires that the town board shall annually make and deliver to the clerk of the board of supervisors abstracts of the names of all persons who have presented claims to be audited, the amounts claimed by each of such persons, and the amounts finally audited by them, respectively; and it is conceded that the bills of the police justice and policemen of the village of Brockport for 1897 and 1898 were presented to the town board for audit, and that they were examined and disallowed. They were, therefore, audited, within the meaning of that term. People v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739. And the fact of their audit and rejection should have been reported to the board of supervisors. Having failed to comply with the requirements of the statute in this respect, it seems to us that, within the rule laid down in the Osterhoudt Case, the respondents' jurisdiction as to this portion of the relator's claim has not terminated, and consequently that their action is to that extent subject to review and correction by certiorari. Our conclusion, therefore, is that as to the portion of the relator's claim last referred to the determination of the board of town auditors should be reversed, and the claim, to that extent, allowed, with costs, and that as to the remaining portion of the claim the writ should be dismissed.

Determination of the board of town auditors rejecting that portion of relator's claim presented for audit in 1898 reversed, and the same adjusted and allowed, with $50 costs and disbursements, and as to that portion of relator's claim presented in 1899 the writ is dismissed.

McLENNAN and WILLIAMS, JJ., concur.

SPRING, J. (dissenting). I do not believe the relator is remediless because the town board happened to adjourn. I think section 2125 of the Code is applicable, and the reversal should relate to the claims of both years.

LAUGHLIN, J., concurs.