would have been open to any citizen whose property was being taken under the power of eminent domain. The law provided due process; it opened the way to him to litigate any issue which he might have desired to raise; and, having neglected to answer, he must be deemed to have waived any of the issues which he now seeks to review upon this appeal.

It may be proper to point out that the objection that the petition fails to allege that this proceeding was authorized by the board of supervisors, etc., was one which could have been raised by answer, but that it is not tenable as a preliminary objection, as the petition recites, in substance in the language of the statute, "that all of the preliminary steps required by law have been taken to entitle your petitioner to institute this proceeding"; and the fact that the petition contains a more or less ambiguous recital, not required by the statute, which might be construed to contradict this averment, is not available to defeat the action which has been taken. See Rochester Railway Co. v. Robinson, supra; Williamson v. Wager, 90 App. Div. 186, 190, 86 N. Y. Supp. 684, and authorities there cited.

The commissioners viewed the premises, and, it not appearing that they were governed by any erroneous theory, we are of opinion that the judgment confirming the report of the commissioners should be affirmed, with costs.

The order appealed from should be affirmed, with costs. All concur.

---

(98 App. Div. 294)

CACCIA et al. v. BROOKLYN UNION ELEVATED R. CO. et al.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. MORTGAGES—CONVEYANCE OF EASEMENTS—FORECLOSURE—RIGHTS OF PURCHASER.

One who had purchased real estate subject to a mortgage, with the oral consent of the assignee of the mortgage, released to defendant the easements in the street appurtenant to such property, which easements had been taken by defendant without authority or payment of damage for an elevated street railway. Before the release was executed and delivered, however, the assignee of the mortgage instituted proceedings to foreclose the mortgage by filing a lis pendens, and subsequently the premises were sold under the judgment of foreclosure. Held, that since the purchaser on foreclosure acquired the entire interest of the mortgagor and mortgagee as of the date of the mortgage unaffected by subsequent incumbrances and conveyances by the mortgagor, as provided by Code Civ. Proc. §§ 1632, 1671, the release was no defense to an action by the purchaser or his grantee to restrain defendant from operating its road till plaintiff should be paid for the easements so taken.

Appeal from Special Term.

Action by Richard Caccia and another against the Brooklyn Union Elevated Railroad Company and another. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles L. Woody, for appellants.
William L. Carey, for respondents.

WOODWARD, J.   The plaintiffs in this action are the owners in fee of certain real estate in the borough of Brooklyn, fronting upon Myrtle avenue, along and upon which the defendants are operating an elevated railroad.   This is an ordinary equitable action to restrain the defendants from thus operating their railroad unless the plaintiffs shall be paid for the easements taken by such elevated railroads, and has resulted in a judgment in favor of the plaintiffs; the amount of the damages being conceded, and the only question presented by the appeal being whether the defendants have heretofore secured the right to these easements.

The railroad company, or some of its predecessors, it is conceded, had been operating its railroad upon Myrtle avenue, passing the premises involved in this action, since 1888.   The complaint alleges, and it is nowhere denied, that:

"The defendants have not, and never had, any right or authority to construct, maintain, or operate said railroad in or over said street without compensating plaintiffs or their grantors, whose property abutting on said street was and is taken, destroyed, and interfered with and depreciated in value by such construction, maintenance, and operation.   That such construction, maintenance, and operation constitute a continuous trespass and nuisance, and have deprived plaintiffs of the rights and benefits to which plaintiffs were and are entitled as owners of said premises," etc.

So that it is established, for the purposes of this action, that the defendants have been trespassers upon the rights of the owners of the property involved from the construction of the road, unless they secured some rights under a release from one John J. Connor and wife, dated May 2, 1890; this being pleaded by the defendants as a bar to this action.

On the 25th day of January, 1888, Portia E. Solomons, being then the owner of the premises involved in this action, gave a mortgage for $8,750 to Adrianna Bush; and this mortgage was subsequently duly assigned to one Charles J. Bush, now deceased, on the 28th day of March, 1888.   On the 28th day of June, 1888, Portia E. Solomons conveyed the aforesaid premises to John J. Connor, subject to the said mortgage; and the latter on the 2d day of May, 1900, executed and delivered an instrument in writing purporting to convey to the defendants' predecessor the easements appertaining to the said premises.   Before this release or conveyance was executed and delivered, and on the 9th day of April, 1888, Charles J. Bush instituted proceedings for the foreclosure of the mortgage upon the said premises by filing a lis pendens in said action in the office of the county clerk, and subsequently the premises were sold to the plaintiffs' predecessor in title under the judgment of foreclosure.

The question presented is whether this conveyance from John J. Connor operated to vest in the defendants the title to the easements appurtenant to the premises.   We are clearly of opinion that it did not.   Connor bought the premises subject to the mortgage, and, while he testifies without contradiction (Charles J. Bush being dead) that he had the consent of the owner to make this release to the defendants' predecessor, it is not clear how this could operate to defeat the rights of a purchaser at a foreclosure sale.   Concededly the defendants' predecessor had no right, as against Portia

E. Solomons, to construct and operate an elevated railroad in front of her property on the 25th day of January, 1888, on which day the mortgage was given to Adrianna Bush. The rights of parties under that mortgage became fixed as of that date; Connor bought subject to that mortgage; and when Charles J. Bush, as the assignee of this mortgage, filed a lis pendens on the 9th day of April, 1890, the defendants or their predecessors were without power to gain any right to the easements, except in subordination to the mortgage. Sections 1632, 1671, Code Civ. Proc. Conceding, as we may, that at some time Charles J. Bush and Adrianna Bush had consented to Connor giving a release to defendants' predecessors, and that such consent on their part might have estopped them from maintaining an action against these defendants, it does not appear that Connor acted upon these alleged consents until some time after they were made, nor until after Charles J. Bush, as the assignee of the mortgage, had filed a lis pendens; thus evidencing his determination to withdraw such consent, as he might do at any time before action had been taken upon it to the prejudice of the rights of others. But assuming that the consent could not be withdrawn, and that the contract or agreement between the Bushes and Connor was good as between themselves, could it operate to divest the rights of one who purchased at a foreclosure sale without notice of this agreement? It is true, of course, that a mortgage is no longer looked upon as a sale of the premises; but it is none the less a fact that, where the premises are finally sold upon a foreclosure of the mortgage, the transaction relates back to the date of the mortgage, and the purchaser takes all of the right, title, and interest which belonged to the mortgagor and mortgagee at that date. The effect of the foreclosure deed, as determined by the statute, is to vest in the purchaser the entire interest and estate of mortgagor and mortgagee as it existed at the date of the mortgage, and unaffected by the subsequent incumbrances and conveyances of the mortgagor. Rector, etc., Christ P. E. Church v. Mack, 93 N. Y. 488, 492, 45 Am. Rep. 260; Batterman v. Albright, 122 N. Y. 484, 25 N. E. 856, 11 L. R. A. 800, 19 Am. St. Rep. 510; Banta v. Merchant, 173 N. Y. 292, 296, 66 N. E. 13. There is nothing in this case to indicate that the purchaser at the foreclosure sale knew of any alleged consent on the part of the mortgagee; the mortgagee had not become a party to the instrument which attempted to convey the easements; and we are of opinion that the only right acquired by the railroad company was whatever interest Connor had in the premises, subject to the liability of being divested by the foreclosure. Batterman v. Albright, supra, page 489, 122 N. Y., page 857, 25 N. E., 11 L. R. A. 800, 19 Am. St. Rep. 510, and authorities there cited. It being conceded that the defendants' predecessors were trespassers at all times during the existence of the railroad, they must have been such at the time the mortgage was made, and the fact that they continued in this unlawful possession at the time of the sale could not operate to give them any rights as against the purchaser. He was not obliged to inquire, except as to the condition of the property at the time the mortgage was made;

and, the record failing to show any modification acquiesced in by the mortgagee, he took a clear title to the premises as they existed at the date of the mortgage, and the plaintiffs, as his successors in title, have the right to maintain this action.

The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.