## SCOTT v. VILLAGE OF SARATOGA SPRINGS.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

1. MUNICIPAL CORPORATIONS (§ 64*)—POWER TO CREATE.

A municipal corporation is the creature of statute, and the adjustment of its powers and duties and its rights relative to those of citizens is the province of the Legislature.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 156, 157; Dec. Dig. § 64.*]

2. STATUTES (§ 120*)—TITLE—SUFFICIENCY.

Under Const. art. 3, § 16, relating to the subjects and titles of local acts, the title of Laws 1902, p. 1196, c. 506, entitled "An act to amend the charter of the village of * * * and to provide for the appointment of sewer, water and street commissioners for said village, and to prescribe their powers and duties," is sufficient to embrace provisions declaring that the village shall be a separate road district; that the sewer, water, and street commissioners shall be the commissioners of highways charged to keep the streets in proper repair; and that they shall be a body corporate, and that all actions for any act omitted by them shall be brought against them in their name of office, etc.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 170; Dec. Dig. § 120.*]

3. MUNICIPAL CORPORATIONS (§ 67*)—RIGHT OF LOCAL GOVERNMENT—STATUTES.

Laws 1902, p. 1196, c. 506, amending the charter of a village, providing that the president thereof shall appoint the sewer, water, and street commissioners, possessing the powers of commissioners of highways, is not invalid as depriving the people of the village of the right of local government, in violation of Const. art. 10, § 2, on it appearing that the trustees of the village, who are elective officers, appoint the village president.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 67.*]

4. MUNICIPAL CORPORATIONS (§ 67*)—QUALIFICATIONS—LEGISLATIVE POWER.

While the Legislature cannot arbitrarily exclude any certain class of citizens from the right to hold office, it may prescribe reasonable tests to secure candidates properly qualified to fill appointive municipal offices.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 67.*]

5. MUNICIPAL CORPORATIONS (§ 67*)—OFFICERS—QUALIFICATIONS.

Laws 1902, p. 1196, c. 506, amending a village charter by providing that the sewer, water, and street commissioners shall be the commissioners of highways, charged to keep the streets in proper repair, etc., and providing that a commissioner shall be a taxpayer in the village, is not invalid as arbitrarily disqualifying nontaxpayers from holding the office.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 67.*]

6. MUNICIPAL CORPORATIONS (§ 814*)—DEFECTIVE STREETS—ACTIONS—STATUTES.

Under Laws 1902, p. 1196, c. 506, providing that actions for any act done or omitted by commissioners of highways shall be brought against them in their name of office, and that any judgment recovered against them shall . be paid out of any funds in their hands properly applicable thereto, etc., an action for injuries to a pedestrian on a defective sidewalk must be brought against the commissioners, and not against the village.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 814.*]

Chester and Cochrane, JJ., dissenting.

---

Appeal from Trial Term, Saratoga County.

Action by S. Walter Scott against the Village of Saratoga Springs. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frank Gick, for appellant.

Rockwood & Scott (Nash Rockwood, of counsel), for respondent.

JOHN M. KELLOGG, J.   The plaintiff has recovered judgment against the village for injuries received by him on account of the failure to keep and maintain the walks of the village in proper condition; he having fallen over some flagstones placed upon the walk during its repair, and left there during the night without proper guard. It is unnecessary to consider the question of defendant's negligence, as the case properly turns upon the question whether the village under its charter can be made liable as defendant in an action for a failure to keep the walks and streets in repair.   Chapter 506, p. 1196, Laws 1902, entitled "An act to amend the charter of the village of Saratoga Springs and to provide for the appointment of sewer, water and street commissioners for said village and to prescribe their powers and duties," by its fifth section declares the village a separate road district, and the sewer, water, and street commissioners are declared the commissioners of highways of the same, with all the powers given by the statute to such commissioners of highway.   They are charged with the duty of keeping and maintaining the streets in proper repair, and are given by said fifth and sixth sections all the powers over and with reference to the highways which had previously been exercised by the village trustees.   Section 34 of the act declares the commissioners a body corporate, authorizes them to maintain actions, and declares that all actions on account of any act done or omitted by them shall be brought against them in their name of office, and that any judgment recovered against them therefor shall be paid out of any funds in their hands properly applicable thereto, otherwise the facts shall be certified by them to the trustees, who shall include the amount thereof in the next tax budget.   All judgments against the commission are claims against the village.

At the beginning of the trial, the defendant moved to dismiss the complaint on the ground that the village has nothing to do with the streets, and that the commission is alone liable, which notice was denied and the defendant excepted.   A municipal corporation is the creature of the statute.   "The state created the defendant as a political agency of government, and the adjustment of its powers and duties and the relative rights of citizens and municipality was the province of the Legislature."   MacMullen v. City of Middletown, 187 N. Y. 37, 79 N. E. 863, 11 L. R. A. (N. S.) 391.   In that case the city charter exempted the city from damages on account of an accumulation of snow and ice upon the streets, unless written notice of such accumulation is actually given to the common council, and there is

a failure within a reasonable time to cause its removal, and it was held that the Legislature might withhold entirely the remedy for an injury from defective streets or might surround it with such conditions or limitations as to it seemed best, and it was not for the courts to say that a particular limitation was unreasonable. That case has full application here. This amendment to the charter points to the commission as the party defendant, and relieves the village from the burden of occupying such a position. It is true in the end it in effect must pay a judgment against the commission, but nevertheless the remedy against the village must be pursued in the manner provided for by the statute.

The provisions of this statute are unique in many respects, and undoubtedly the village organization is a very thorough one. But, if the Legislature has kept within the constitutional bounds, the power rested with it to determine how this village should be governed, and the courts cannot well interfere with its discretion in that respect. A village charter or an amendment to a village charter must deal with many matters, but one subject—the government of the village. The title to this act clearly indicates the object of the act to amend the charter, and that the amendment in particular relates to the commission and its duties. We cannot say that the act is obnoxious to article 3, § 16, Const., which declares that no local bill shall embrace more than one subject, and that shall be expressed in the title. I do not think this legislation is in violation of section 2 of article 10 of the Constitution as depriving the people of the village of the right of local government. The trustees of the village are elective officers. They appoint the president of the village. He appoints the commissioners, and they appoint officers subordinate to them. The selection of the commissioners is somewhat removed from the people, but the president of the village is clearly a local authority; the trustees having a clear right to appoint him. And the power given to the president to name the commissioners is not taking away from the locality the right to name the commissioners. The people duly elect trustees with the knowledge that they are to elect a president who is to select the commissioners. Therefore the selection of the commissioners rests entirely with the local authorities, and, while it may not be the wisest provision which might be enacted, we do not find it obnoxious to any constitutional provision. The argument against the propriety of selecting officers that way must be addressed to the Legislature, and not to the courts.

It is urged that the act in question is unconstitutional as it limits and restricts the power of appointment by requiring that a member of the board shall be a taxpayer in the village, and thus arbitrarily disqualifies all nontaxpayers from holding the office, and illegally restricts the local authorities in the right to appoint any elector to such office. The current of authority tends to show that the statute is not violative of any constitutional provision in that respect. It is conceded that the Legislature cannot arbitrarily establish exclusions from office. It may, however, prescribe proper rules and regulations to insure that an appointive officer is reasonably qualified to perform

the duties of his position. Cullen, J., in People ex rel. Devery v. Coler, 173 N. Y. 103, 118, 65 N. E. 956, 960, says:

"Doubtless the Legislature may prescribe qualifications for office where there is no constitutional provision upon the subject. The Legislature has exercised this power in many cases, and the validity of the exercise has been upheld."

In Rogers v. Common Council of Buffalo, 123 N. Y. 173, 190, 25 N. E. 274, 279, 9 L. R. A. 579, the Court of Appeals sustained the validity of a statute, declaring that only a certain number of the police commissioners should belong to one party, and that the eligibility of such officers should be tested by civil service rules, closing the discussion in the opinion as follows:

"In this case we simply hold that the imposing of a test by means of which to secure the qualifications of a candidate for an appointive office of a nature to enable him to properly and intelligently perform the duties of such office violates no provision of our Constitution."

In People ex rel. Furman v. Clute, 50 N. Y. 451, 460, 10 Am. Rep. 508, the court through Folger, J., declares that the Legislature "may in the exercise of its judgment for the public good limit the number from whom the elector may select, for thus to legislate is within the general and sovereign power of legislation which it constitutionally possesses." In People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718, chapter 602, p. 1148, Laws 1892, which provided for the examination and licensing of plumbers, was declared constitutional. The examining board of five members was to be appointed by the mayor of the city, two of whom must be master plumbers of not less than 10 years' experience, and one to be a journeyman plumber. The other two members were to be the chief inspector of plumbing and drainage of the board of health and the chief engineer having charge of sewers. The Constitution requires that an appointed village officer must receive his appointment from a local authority. The Legislature has created the village, the office, and has defined the duties of the officer, and it would seem, so long as the officer is appointed by the constitutional authority, the power of the Legislature to require that he possesses certain reasonable qualifications may not be questioned. The commissioners control the sewerage, water, and streets of the village and the expenditures relating thereto, and the Legislature has determined that such business matters can be better performed by the citizen who has shown some ability to manage his own affairs, and who as a taxpayer has a direct interest in public expenditures.

Tested, then, by the rule that the Legislature cannot arbitrarily exclude any certain class of citizens from the right to hold public office, but that it may prescribe reasonable tests to secure candidates properly qualified to fill appointive municipal offices, we cannot say that this provision is unreasonable or arbitrary. On the contrary, it seems a fair exercise of the discretion of the Legislature as tending to place in this responsible position citizens qualified to perform the duties thereof. The trial justice erred in not granting the motion to dismiss the complaint.

Judgment and order reversed upon the law and exceptions only, this court having examined the facts and having found them sufficient, and having affirmed the aforesaid order and judgment upon the facts, and new trial granted, with costs to appellant to abide event. All concur, except CHESTER and COCHRANE, JJ., who dissent.