CULLEN, Ch. J., WERNER, WILLARD BARTLETT and CHASE, JJ., concur with HAIGHT, J.; VANN, J., reads dissenting memorandum; GRAY, J., absent.

Judgment of conviction affirmed.

---

PUBLIC SERVICE COMMISSION, SECOND DISTRICT et al., Respondents, *v.* WESTCHESTER STREET RAILROAD COMPANY, Appellant.

Street railroads — effect of additional franchise granted on condition of reduced fare — when purchaser of street railroad at foreclosure sale bound by such conditions — remedy for purchaser's failure to comply therewith.

1. Where a village had granted a franchise to a trolley company under which it was entitled to charge a ten-cent fare and thereafter granted it an additional franchise on condition of a reduced fare over that portion of the road covered and affected by the first franchise, which additional franchise was accepted by the company, this constituted a valid contract and the old franchise was effectively modified or superseded by the new contract so far as the village authorities were interested therein.

2. Where such latter franchise was granted after the execution of a mortgage on the property of the trolley company, which mortgage by express terms covered property and franchises to be acquired after its execution, and the trustee under the mortgage elected to enforce such lien against such subsequently acquired property and franchises and secured a judgment directing the sale thereof, the mortgagee thereby affirmed the act of the mortgagor in obtaining the additional franchise and the terms on which it was secured.  A purchaser of that part of the property granted under the first franchise and originally included in the mortgage, who is chargeable with notice of these facts, took it subject to the terms of the second franchise for a reduced fare although he did not buy the later acquired property.

14

  3. The remedy of the village is not restricted to an action for the forfeiture of the franchise, nor can the court refuse to enforce the obligations imposed by the contract involved, because one of the parties had agreed to unprofitable terms, but an injunction and mandamus may be granted under the provisions of section 57 of the Public Service Commissions Law restraining the purchaser from violating the contract and compelling it to carry passengers at the reduced fare.

*Public Service Comm.* v. *Westchester Street Railroad Co.,* 151 App. Div. 914, affirmed.

(Argued June 6, 1912; decided October 1, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 11, 1912, which affirmed an order of Special Term granting an injunction and mandamus, respectively, restraining the defendant from charging a fare of ten cents over a portion of its road and compelling it to carry passengers thereover for a fare of five cents.

On and after February 1, 1898, a corporation known as the Tarrytown, White Plains and Mamaroneck Railway Company owned and operated a line of street railroad extending from a point westerly thereof into the village of White Plains with various branches. In January of that year its predecessor in name applied to the proper officials for a franchise authorizing it to construct and operate an extension of the line first mentioned from the village of White Plains to a point in the village of Mamaroneck, and such officials granted such franchise on the condition, amongst others, that a fare not exceeding ten cents should be charged over the road so constructed between said villages. The Tarrytown Company accepted said franchise and thereafter constructed its railroad and operated the same in accordance therewith, and the conditions thereof.

On March 1, 1898, said company duly executed to the Knickerbocker Trust Company, as trustee, a mortgage covering property and franchises then owned and thereafter to be acquired to secure an issue of bonds amount-

ing to $300,000, and said mortgage duly provided amongst other things that the proceeds of said bonds were to be used in part in acquiring franchises and making extensions of the road then owned by said mortgagor.

Some time after the execution of said mortgage and the issue of bonds thereby secured said company made application for a franchise for the extension of its road from the terminus in the village of Mamaroneck over what was known as the Boston post road, and which proposed extension lay both in the village and in the town of Mamaroneck. Said franchise for such extension was granted by the authorities both of the town and the village but on the condition, amongst others, as construed by both parties, that the company should carry passengers between the farther terminus of the proposed extension and said village of White Plains for a single fare of five cents. The railroad subsequently by formal instrument duly filed in the proper public office accepted and agreed to conform to the conditions of the franchise and thereafter constructed said extension and operated its road between the terminus of the extension and the village of White Plains for a single fare of five cents as in the franchise provided.

In January, 1908, a receiver of the road was appointed in proceedings for its dissolution and immediately took possession of its property and entered upon its operation. In September, 1908, the company having failed to pay the interest on its bonds secured by the mortgage above mentioned, foreclosure of the latter was commenced by the trustee which proceeded to a judgment of foreclosure and sale. Neither the village nor the town of Mamaroneck which granted the franchises over the Boston post road were made parties to this foreclosure action except for a specified purpose which is not of importance in this proceeding. The judgment in said action awarded a sale of the entire line of railroad and of the franchises therefor and the rights therewith connected, including the

extension above mentioned.   It provided for a provisional sale of the road both as an entirety and in three parcels and in the end the sale in parcels was accepted and approved.   By this sale the last extension which has been referred to was sold for $110,000 to one Babcock, who thereafter assigned to a company other than the appellant, and the other two parcels, one of which embraced the road between the village of White Plains and the village of Mamaroneck, were sold to one Sutro for the sum of upwards of $800,000.   Thereafter Sutro assigned and transferred his bids and rights to the appellant which had in the meantime been organized and which thus became the owner and operator of said line of road.   There was a large amount of indebtedness, aside from bonds, to be paid from the proceeds of said sale.

Thereafter the appellant, in disregard of the conditions of the franchises granting the extension over the Boston post road, if such conditions are applicable to it, commenced to charge a fare of ten cents between the village of Mamaroneck and White Plains.   The judgment of foreclosure above mentioned provided that the purchaser or purchasers might within ninety days after the confirmation of the sale of the entire property or any part thereof disavow, renounce and relinquish any contract, franchise or agreement with the defendant in that action, the Tarrytown Company, and after purchase and transfer to it of the parcels above mentioned appellant did execute and file an instrument in writing purporting to be a disavowal and relinquishment of the five-cent franchise granted by the town and village of Mamaroneck, but said town and village refused to accept such disavowal or relinquishment and on the contrary have insisted that the conditions of said franchises are binding on the defendant.

In addition to the foregoing facts it was found by the court that under a five-cent fare under present conditions the appellant will not receive the actual cost to it of its

public service between the villages of Mamaroneck and White Plains.

*William Greenough* and *Charles F. Mathewson* for appellant.   The only foundations for the claim that appellant is guilty of a violation of law in charging ten cents are (a) that the village and town each granted to the Tarrytown Company a franchise upon the condition that the franchise would cease, determine, and be void if more than five cents was charged, and (b) that the Tarrytown Company covenanted to observe the condition.   The condition is not binding upon the appellant because it is not in possession of the railroad on the Boston post road constructed under the five-cent franchises and the condition runs only with that portion of the railroad.   (*Munro* v. *S., L. S. & N. R. R. Co.*, 200 N. Y. 230; *Palmer* v. *Plank Road Co.*, 11 N. Y. 376; *Turk* v. *Ridge,* 41 N. Y. 208.)   The covenants of the Tarrytown Company to observe the condition requiring the five-cent fare are not binding upon the appellant.   (Jones on Mort. [5th ed.] §§ 671, 673, 1654; *Osterberg* v. *Union Trust Co.*, 93 U. S. 428; *Cont. Ins. Co.* v. *Reeve*, 135 App. Div. 737; 198 N. Y. 595; *Rector, etc.,* v. *Mack*, 93 N. Y. 488; *Batterman* v. *Albright*, 122 N. Y. 294, 297; *Refrigerator Co.* v. *Halpern*, 140 App. Div. 201; *Caccia* v. *B. U. El. R. R. Co.*, 98 App. Div. 294; *People ex rel. B. U. El. R. R. Co.* v. *Morgan*, 85 App. Div. 292; *Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 216; *Secor* v. *Singleton*, 41 Fed. Rep. 725; *Nat. W. W. Co.* v. *Kansas City*, 76 Fed. Rep. 428.)   The appellant has acquired the ten-cent franchise.   It did not acquire and is not in possession of the railroad on the Boston post road, and has disavowed the five-cent franchises.   (*Platt* v. *N. Y. & S. B. Ry. Co.*, 9 App. Div. 87; *People* v. *O'Brien*, 111 N. Y. 1, 41; *Hatfield* v. *Strauss*, 189 N. Y. 208, 219; *S. R. T. Co.* v. *New York*, 128 N. Y. 510.)   The effect of the foreclosure and sale upon the rights and remedies of the town and village

under the five-cent franchises was to cut off the remedy on the covenants, but the right to forfeit those franchises in case of non-performance of the condition was not affected, (*Caccia* v. *B. U. El. R. R. Co.*, 98 App. Div. 294.) The Supreme Court as a court of equity has power to so mould its decree as to do equity between the parties in the present case. As a court of equity its forms of proceeding are flexible and its remedies and decrees may be adjusted to meet the exigencies of the case. (Story's Eq. Juris. [11th ed.] 27–30; *Matter of Sage*, 70 N. Y. 220.) If the order of the court below, that the railroad company be restrained and enjoined by mandamus and injunction from charging more than a five-cent fare should be affirmed the result would be inequitable. (*People* v. *A. & V. R. R. Co.*, 37 Barb. 216; *N. Y. T. Co.* v. *P. & E. S. Ry. Co.*, 192 Fed. Rep. 728; *State of So. Carolina* v. *Jack*, 145 Fed. Rep. 281; 113 Fed. Rep. 823; Morawetz on Priv. Corp. § 1119; *Royal Trust Co.* v. *W. B. & I. R. Ry. Co.*, 113 Fed. Rep. 531; *Comm.* v. *R. R. Co.*, 12 Gray, 180; *O. & M. R. Co.* v. *People*, 120 Ill. 200; *Kansas* v. *D. C., M. & T. Ry. Co.*, 53 Kan. 329; *People ex rel. Stevens* v. *Hayt*, 66 N. Y. 606.)

*Ledyard P. Hale* for public service commission, respondent. The five-cent franchises granted by the village of Mamaroneck and town of Mamaroneck to the Tarrytown Company upon its petition therefor became binding upon it by its acceptance and exercise thereof, and they were never repudiated nor sought to be repudiated by the company nor by the bondholders or their trustee in any manner or way binding upon the people of the state of New York or the town or village of Mamaroneck. (*Trustees of Southampton* v. *Jessup*, 162 N. Y. 122; *Platt* v. *N. Y. & S. B. R. Co.*, 9 App. Div. 87; *Munro* v. *S., L. S. & N. R. R. Co.*, 200 N. Y. 224; *Columbus* v. *Mercantile Trust Co.*, 218 U. S. 645.) The appellant did not escape the burden of the five-cent fran-

chises by selling the property in parcels. (*Rochester Tel. Co.* v. *Ross*, 195 N. Y. 429; *People ex rel.* v. *Barnard*, 110 N. Y. 548; *Gaedeke* v. *S. I. M. R. R. Co.*, 43 App. Div. 514; *Matter of Thirty-fourth Street R. R. Co.*, 102 N. Y. 343; *People* v. *O'Brien*, 111 N. Y. 1, 30; *Adamson* v. *N. El. R. R. Co.*, 89 Hun, 261; *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377; *Village of Phœnix* v. *Gannon*, 195 N. Y. 471; *People ex rel. F. El. R. Co.* v. *N. Tonawanda*, 70 Misc. Rep. 91; *Willcox* v. *R. L. & R. R. Co.*, 142 App. Div. 44; 202 N. Y. 515.) Unprofitableness is not a defense. (*S. B. R. R. Co.* v. *N. N. Y. C. Traction Co.*, 16 Misc. Rep. 263, 269; *S. R. R. Co.* v. *P. Traction Co.*, 5 App. Div. 330; *State ex rel. Grinsfelder* v. *Street Ry. Co.*, 19 Wash. 518; *Brownell* v. *Old Colony R. R. Co.*, 164 Mass. 29; *Bridgeton* v. *Traction Co.*, 62 N. J. L. 592; *S. & O. Canal Co.* v. *Sherman*, 91 Ga. 400.) Respondents were entitled to the remedy awarded by the trial court. (*Willcox* v. *R. L. & R. R. Co.*, 142 App. Div. 44; *People* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 543; *Matter of Loader*, 14 Misc. Rep. 208; *Union Pacific R. R. Co.* v. *Hall*, 91 U. S. 343; *Brownell* v. *Old Colony R. R. Co.*, 164 Mass. 29; *Bridgeton* v. *Traction Co.*, 62 N. J. L. 592; *Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 197; *Munro* v. *S., L. S. & N. R. R. Co.*, 200 N. Y. 224.)

*William L. Rumsey* for village of Mamaroneck, respondent. The writ of mandamus was properly awarded under section 57 of the Public Service Commissions Act to enforce the rate of fare stipulated in the franchises. (*People ex rel. Lehmaier* v. *I. Ry. Co.*, 177 N. Y. 300; *Cortelyou* v. *S. I. R. R. Co.*, 43 App. Div. 520; *Gaedeke* v. *S. I. R. R. Co.*, 43 App. Div. 514; *People* v. *A. & V. R. R. Co.*, 37 Barb. 216; 24 N. Y. 261; *People ex rel. Ohlen* v. *N. Y., L. E. & W. R. R. Co.*, 22 Hun, 540; *People ex rel. Kimball* v. *B. & A. R. R. Co.*, 70 N. Y. 569; *People ex rel. Town of Schaghticoke* v. *T. & B. R. R. Co.*, 37

How. Pr. 427; *People ex rel. Bacon* v. *N. C. R. R. Co.*, 164 N. Y. 289; *People ex rel. Frost* v. *N. Y. C. & H. R. R. R. Co.*, 168 N. Y. 187; *People ex rel. Carl* v. *U. T. Co.*, 145 App. Div. 645.)

Hiscock, J. The decision in this proceeding affirms the obligation of the appellant to carry passengers on a continuous passage between the village of White Plains and the steamboat landing, so called, in the village of Mamaroneck for a single fare of five cents.

As more fully appears in the foregoing statement of facts, its predecessor, the Tarrytown, White Plains and Mamaroneck Railway Company, owned and operated a railroad between said points under franchises granted by said village of Mamaroneck and others under which it was entitled to charge a fare of ten cents. While thus situated it executed a mortgage covering property and franchises then owned and thereafter to be acquired. Later it obtained from the town and village of Mamaroneck, respectively, franchises for an extension beyond the steamboat landing on the condition, amongst others, that it would carry passengers between points on said extension and the village of White Plains, and which included the original section now owned by appellant and involved here, for a single fare of five cents, and by formal instrument it duly accepted said franchises and agreed to all their conditions and entered upon their enjoyment. Thereafter judgment of foreclosure and sale was obtained under said mortgage under which the road of said Tarrytown Company, including said extension, was sold in parcels, the appellant by assignment of bids becoming the owner of the parcel involved here, and some one else of the extension above mentioned.

It will only be necessary in this case to consider the effect of the franchises granted by the village of Mamaroneck and of the acceptance thereof. When the village granted appellant's predecessor an extension of its fran-

chise it had the right as a consideration therefor to exact suitable conditions and agreements from the company in the interest of its inhabitants.   There is no doubt that the rate of fare to be charged to and from points in the village was a matter of such municipal and public interest that the municipal authorities might bargain with reference thereto.   Therefore the grant of the new franchise on the condition and consideration, amongst others, of a five-cent fare between the points now involved and the acceptance by the company thereof and its agreement to observe all the " conditions, regulations and restrictions " thereof made a valid contract.

It is urged that this did not have the effect to modify the original or ten-cent franchise covering the section of road here involved.   I do not know that particular terms are indispensable, but it seems to me that such was the result.   The village had granted a prior franchise duly accepted by the company under which the latter was entitled to charge a ten-cent fare.   The village then granted an additional franchise on condition of a reduced fare over that portion of the road covered and affected by the first franchise, and the company accepted it and agreed to abide by its conditions and entered on its enjoyment.   It seems to me that thereby the old franchise was presently and effectively modified or superseded by the new contract so far as the village authorities were interested in and could contract for a reduced fare.   It is not necessary here to determine whether the latter could contract for a reduced fare on a continuous passage between White Plains and some point short of or beyond the village.

I do not understand that there is any serious question that so long as the Tarrytown Company operated its road including the extension, it was bound to afford a continuous passage for five cents as it had agreed.   But it is insisted with much earnestness and ability by appellant's counsel that this obligation has been cut off by the fore-

closure of the prior mortgage and by the sale of the road in parcels whereunder appellant did not acquire any part of the extension.

There is no doubt that the agreement of the Tarrytown Company to subject part of its original road covered by its mortgage to a reduced fare was subordinate to the lien of the mortgage and might have been rejected by the mortgage trustee or bondholders. I doubt if it would have been necessary for them to take any affirmative action in this direction or do more than ignore the extension in the foreclosure. But they did not by any means assume this attitude. The mortgage by express terms covered property and franchises acquired after its execution and it was provided therein that part of the proceeds of the bond issue should be devoted to development of extensions. Under these circumstances, the trustee in foreclosing its mortgage elected to enforce its lien on the newly acquired property and secured a judgment directing a sale of the extension which was later made for upwards of one hundred thousand dollars. Certainly and too obviously for argument this was not a repudiation by the mortgagee but an affirmance of the act of the mortgagor in procuring the extension and, therefore, of the terms on which it was secured. For again I suppose it will hardly be claimed that the mortgagee could thus get the benefit of the extension and at the same time escape the burdens undertaken in its acquisition. If the bondholders had bid off the entire road I think one would not seriously claim that they could at the same time cling to the extension and push away the obligations which it imposed on the balance of the road. Did the purchaser acquire any greater rights even though it bid off a parcel not included in the extension but subjected to its conditions?

The appellant is in no position to claim that the trustee acted improvidently or in violation of the rights of the bondholders in affirming the action of the mortgagor in subjecting the mortgaged property to an undesirable bur-

den. That is a question between the trustee and the bondholders with which the appellant has no concern. It is bound by the sale as it took place and the only question is as to what it secured thereunder. Its assignor and it were chargeable with notice and knowledge of the franchises and terms under which the mortgagor operated its road, both the original part and the extension. They of course knew that franchises from the village were necessary, and those franchises and the consents of the company thereto were public records in the proper office. In addition the road being sold had been operated in accordance with the fare provision for years. This appellant and its assignor, therefore, were chargeable with knowledge that the parcel which it was procuring was subjected to certain obligations or burdens in consideration of the extension franchise. It was likewise chargeable with knowledge of the provisions of the judgment of foreclosure under which its assignor purchased, and that judgment told it that the mortgagee had ratified and proposed to take advantage of the action of its mortgagor in procuring the extension and imposing obligations on the parcel which it was obtaining. Thus it seems clear that the mortgagor and mortgagee united in a modification of the original franchise or right to operate the parcel of road which appellant has purchased, and that the latter bought with full knowledge thereof and subject thereto. In this respect the case differs from the one of *Caccia* v. *Brooklyn Union Elevated R. R. Co.* (98 App. Div. 294), cited by appellant, where it was held that a purchaser at a foreclosure sale was not affected by the release of certain rights from the lien of the mortgage of which he had no notice.

The remaining question in this connection is as to the manner of enforcement of the conditions of the five-cent franchise, because if appellant's counsel is right in his views upon this his client is saved anyway.

It is argued that the franchise for the extension was

granted on a condition as to fares and on failure to comply with the condition the remedy is simply a forfeiture of the franchise which rested on it, namely, for the extension. This, of course, would not hurt appellant. It will be assumed that this remedy is open, but if I have been right in my prior reasoning it is not the only remedy. If the later franchise and the acceptance thereof and agreement thereto by the appellant's predecessor then effected a modification of its prior franchise and rights so that only a lower fare could be charged between the points here involved, that modification necessarily controls the operation of the road in the possession of one taking under the circumstances detailed. The road cannot be operated without a franchise and the franchise consists in part of the modification. If the appellant is operating its road in violation of its franchise and obligation there is no doubt that it can be stopped by a proper proceeding at the instigation of a proper party, and such I think are the present ones. (Public Service Law, § 57.)

The only substantial objection to the present proceeding, assuming that the petitioners are correct in their claims respecting the legal rights of the parties, is that it appears that the appellant cannot carry passengers between the points in question for five cents and that, therefore, this application should be denied as a matter of equity.

If we regard this proceeding as the equivalent of an action for specific performance, the rule undoubtedly is that courts may refuse the prayer for such relief when because of special circumstances it would be inequitable to grant it. But the statute expressly authorizes this form of proceeding, and I am not aware of any principle or authority which compelled the court to refuse to enforce the obligations imposed by the contract involved simply because one of the parties had ill advisedly agreed to unprofitable terms.

There may be considerable force in the appellant's argument that sound public policy is not best subserved by

compelling a public service corporation to furnish service at a loss. But even if that be the fact here we see no opportunity to give relief from it in this proceeding.

The order appealed from should be affirmed, with costs.

Cullen, Ch. J., Gray, Werner, Willard Bartlett, Chase and Collin, JJ, concur.

Order affirmed.