(95 Misc. Rep. 686)

### WILLIS v. CITY OF ROCHESTER et al.

(Supreme Court, Special Term, Monroe County. June 14, 1916.)

1. STATUTES ⬡90(2)—VALIDITY—PRIVATE OR LOCAL BILLS.

Laws 1915, c. 359, amending the charter of the city of Rochester by annexing other territory and providing that a street surface railroad shall not charge any passenger more than five cents for one continuous ride between two points within the city, *held* not unconstitutional as being a private or local bill.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 99; Dec. Dig. ⬡90(2).]

2. STATUTES ⬡120(5)—VALIDITY—PRIVATE OR LOCAL BILLS.

Under Const. art. 3, § 18, providing that consent of municipal authorities to use of street by street railroads is necessary, the regulation of

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

street railroads. is a municipal function, and provisions regulating fares may be included in any statute providing or amending a city charter without violating Const. art. 3, § 16, prohibiting a local act from containing more than one subject not embraced in its title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 170; Dec. Dig. ☞120(5).]

Action by Henry Willis as a stockholder, etc., against the City of Rochester and others. On motion for judgment on the pleadings. Denied.

See, also, 93 Misc. Rep. 239, 157 N. Y. Supp. 815.

This action was brought by the plaintiff as a stockholder in the Rochester Electric Railway Company, on behalf of himself and other stockholders, against the city of Rochester, impleaded with the Rochester Electric Railway Company and the New York State Railways, as lessee and stockholder of the Rochester Electric Railway Company, to enjoin the enforcement of chapter 359 of the Laws of 1915, changing the rate of fare on the Rochester Electric Railway. Chapter 359 of the Laws of 1915 is an act amending the charter of the city of Rochester generally, and contains an amendment to section 636 of the charter providing that a corporation operating a street surface railroad shall not charge any passenger more than five cents for one continuous ride from any point on its road to any other point thereon within the limits of the city of Rochester. The Rochester Electric Railway, prior to the passage of the act, was located outside of the city, and operated from the boundaries of the city to Lake Ontario, charging a five-cent fare each way. By the act the territory through which the railroad passed was annexed to the city. The act in question provides for the reduction of the fare on the railroad by prescribing a five-cent fare for a continuous ride throughout the city. The act in question is attacked on the ground that it reduces the fare below a point where the railroad can be profitably operated, and on the further ground that it violates the provisions of the Constitution relating to private and local bills.

Joseph W. Taylor, of Rochester, for plaintiff.
Willis A. Matson, of Rochester, for defendant New York State Rys.
B. B. Cunningham, of Rochester, for defendant city of Rochester.

RODENBECK, J. Chapter 359 of the Laws of 1915 is attacked in the complaint, and the court is asked to set it aside as unconstitutional, on the ground that the act is confiscatory, in that it reduces the fare, which the defendant the Rochester Electric Railway Company is permitted to charge, below a rate which would provide a reasonable profit, and on the further ground that the statute being a local act contains more than one subject not expressed in its title, contrary to article 3 of section 16 of the Constitution. The question as to whether or not the road can be run profitably upon a five-cent fare basis is one that can only be determined after a hearing upon the merits, and the motion must fail so far as that proposition is concerned; but the latter question is one which appears on the face of the act itself, and is open for discussion and determination upon the pleadings.

[1, 2] The question turns upon whether or not the provision in the act relating to a five-cent fare is germane to the governmental powers and functions of the city. If it is, then it could constitutionally be included with the other provisions of the act under the general title given to the act. If not, then the act is unconstitutional. The answer to this question depends upon whether or not the regulation of street rail-

roads, and particularly the fixing of the fares to· be charged, comes within the subjects which properly are or may be made a matter of municipal regulation or control. Is the regulation of street railroads, so far as a city is concerned, a matter which "may be required for the preservation of peace, good order, and health within its limits, the promotion of its growth and prosperity, and the raising of revenue for its government"? Louisiana v. Pilsbury, 105 U. S. 278, 289 (26 L. Ed. 1090). If their regulation comes within any of these purposes, provisions relating to fares may be included in an act creating a city or one amending its charter generally.

It seems to me that upon principle and upon the adjudicated cases the question must be answered in the affirmative. Public Service Commission v. Westchester St. Railroad Co., 206 N. Y. 209, 211, 99 N. E. 536; Willcox v. Richmond Light & Power Co., 142 App. Div. 44, 128 N. Y. Supp. 266, affirmed 202 N. Y. 515, 95 N. E. 1141; People ex rel. City of Rochester v. Briggs, 50 N. Y. 553; People ex rel. Lardner v. Carson, 10 Misc. Rep. 237, 30 N. Y. Supp. 817, affirmed 155 N. Y. 491, 50 N. E. 292; Scott v. Village of Saratoga Springs, 131 App. Div. 347, 349, 115 N. Y. Supp. 796; Harris v. People, 59 N. Y. 599, 602; Economic P. & C. Co. v. City of Buffalo, 195 N. Y. 286, 297, 88 N. E. 389; Tommasi v. Archibald, 114 App. Div. 838, 845, 100 N. Y. Supp. 367; People ex rel. Village of Brockport v. Sutphin, 166 N. Y. 163, 172, 59 N. E. 770. The tendency is to construe this provision of the Constitution liberally. People ex rel. Squires v. Hand, 158 App. Div. 510, 514, 135 N. Y. Supp. 192, 143 N. Y. Supp. 1138. The construction of a street railroad in a city has been held to be a city purpose (Sun Publishing Ass'n v. Mayor, 152 N. Y. 257, 46 N. E. 499, 37 L. R. A. 788; Admiral Realty Co. v. City of New York, 206 N. Y. 110, 99 N. E. 241, Ann. Cas. 1914A, 1054), and it has been the general practice to include in city charters provisions relating to the regulation of street railroads and for cities to contract with such corporations with reference to fares, transfers, and other matters in which the city is directly concerned. The regulation of the conduct of street railroads, with such general limitations as may be imposed, are as much a municipal purpose and the subject of municipal regulation and control as are such matters as the supply of water, the lighting of streets, the disposal of sewage and garbage, and the numerous other matters which affect the peace, health, comfort, or convenience of the members of the corporation.

The regulation of a railroad in a city may affect very seriously, not only the convenience of the inhabitants, but the growth and development of the city, and is therefore a matter of grave municipal concern, particularly since the construction of a railroad in a street or highway acts substantially as a monopoly of the right to use that street or highway for such purposes. If the subject of the regulation of railroads is a municipal purpose it may be treated under a title amending the charter generally, for what may be treated under the charter itself may be treated under such an amendatory act. Matter of N. Y. & L. I. Bridge Co., 148 N. Y. 540, 42 N. E. 1088; People ex rel. City of Rochester v. Briggs, 50 N. Y. 553; People ex rel. Village of Brockport v. Sut-

phin, 53 App. Div. 613, 66 N. Y. Supp. 49, affirmed 166 N. Y. 163, 59 N. E. 770; Scott v. Village of Saratoga Springs, 131 App. Div. 347, 115 N. Y. Supp. 796, affirmed 199 N. Y. 178, 92 N. E. 393. By the Railroad Law the Legislature has fixed the fares of railroads in cities at not to exceed five cents, and by the Public Service Commission Law it has delegated the power to fix fares to that commission; but neither the Railroad Law, nor the Public Service Commission Law, nor any other general statute enacted prior to chapter 359 of the Laws of 1915, operated to prevent the Legislature from taking up the subject anew or regulating the fare by a local act for a particular city.

The Constitution reserves in cities the control of their streets, so far as their use is concerned by street railroads, and provides that the consent of the local authorities to the use of their streets shall be obtained. Article 3, § 18. Thus the Legislature itself is restricted in its power over the streets of cities with respect to their use by street railroads, but this restriction does not go to the extent of prohibiting the Legislature from fixing reasonable rates by direct action. See Railroad Law, § 101; City of Rochester v. Rochester Railway Co., 182 N. Y. 99, 115, 74 N. E. 953, 70 L. R. A. 773; Buffalo E. S. R. R. Co. v. Buffalo S. R. R. Co., 111 N. Y. 132, 19 N. E. 63, 2 L. R. A. 284; N. Y. C. & H. R. R. R. Co. v. Williams, 199 N. Y. 108, 117, 92 N. E. 404, 35 L. R. A. (N. S.) 549, 139 Am. St. Rep. 850; Richman v. Consolidated Gas Co., 114 App. Div. 216, 220, 100 N. Y. Supp. 81; People ex rel. Bridge Co. v. P. S. Commission, 153 App. Div. 129, 135, 138 N. Y. Supp. 434; People ex rel. Cohoes R. Co. v. Public Service Commission, 143 App. Div. 769, 128 N. Y. Supp. 384. The cases sustaining the right to charge an additional fare growing out of the creation of greater New York have no application, since the Legislature in that instance did not attempt specially to prescribe a single fare. See Hogan v. Long Island R. R. Co., 206 N. Y. 440, 100 N. E. 47.

In the face of the general statute prescribing a five-cent fare in cities and the almost universal custom which has grown up under it of charging five cents for a continuous ride on street railroads in cities, it cannot be said, without further evidence, that the reduction by the Legislature of the fare in this instance to five cents is an unreasonable exercise of the power of the Legislature. People ex rel. Cohoes R. Co. v. Public Service Commission, 143 App. Div. 769, 781, 128 N. Y. Supp. 384. The reasonableness of the exercise of the legislative power to add new territory to the city and regulate the fare of a railroad operating therein is one of degree, and there is nothing on the face of the pleadings to justify a conclusion that such exercise in this case is not a reasonable one. Braffett v. Brooklyn Q. C. & S. R. R. Co., 204 N. Y. 440, 448, 97 N. E. 888.

The constitutional consent which a city is required to give to the construction or operation of a street railroad (article 3, § 18) is satisfied in this case by the approval of the act by the local authorities under another provision of the Constitution (article 12, § 2). The Legislature had the undoubted power to prescribe by a special act a reasonable fare to be charged by this railroad, and this power has not been exceeded by the fact that the authority has been exercised in a local

act confined to matters relating to the city; the regulation of railroads within a city, and the establishment of fares thereon, as the court has found, being a municipal purpose.

The act in question, therefore, does not violate the provisions of the Constitution relating to the passage of private and local bills, and as the question of the confiscatory character of the act can only be determined after a hearing upon the merits, the motion for judgment on the pleadings is denied.