THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE INCORPORATED VILLAGE OF BROWNVILLE, Relator, *v.* PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, SECOND DISTRICT, and CHARLES B. HILL and Others, as Members of Said Public Service Commission, and BLACK RIVER TRACTION COMPANY, Respondents.

Third Department, November 16, 1921.

**Public Service Commissions — street railroads — rates fixed by franchise granted by village to street railroad in 1890 cannot be changed by Public Service Commission.**

It was the constitutional right of a village to grant or withhold a franchise to a street railroad company to construct and operate a street railway in the village, and it, therefore, had the right to grant a defeasible franchise and make the condition of defeasance a non-compliance with the prescribed rates whether for urban or interurban service.

Such a franchise, granted by the relator to the defendant company in 1890, many years prior to the time when power was given to the Public Service Commission to increase the maximum rates chargeable by a street railroad company, is a contract with the terms of which no interference by the Public Service Commission is permissible.

Accordingly, it was not within the power of the said Commission to adopt a schedule filed by the company, which eliminated a reduced return trip fare, and thereby abrogate a condition attached to the franchise under which the defendant company continued to operate.

CERTIORARI issued out of the Supreme Court and attested on the 1st day of September, 1920, directed to the Public Service Commission of the State of New York, Second District, and others, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had relative to the complaint of the incorporated

village of Brownville, Jefferson county, by Fred L. Page, village president, against Black River Traction Company, as to increase in passenger fare.

*Breen & Breen* [*N. F. Breen* of counsel], for the relator.

*Delos M. Cosgrove,* for the respondent Black River Traction Company.

H. T. KELLOGG, J.:

In the year 1890 the village of Brownville, N. Y., granted to the Watertown and Brownville Street Railway Company a franchise to construct a street railway. The railway company proposed to operate a street railway between Brownville and the city of Watertown, N. Y., a distance of about four miles, as well as a railway within the limits of the two municipalities. The franchise was granted on condition that the railway company would maintain the following rates, namely, (1) a five-cent rate for one continuous ride between points within the village of Brownville; (2) a ten-cent rate for one continuous ride between points in the village of Brownville and points in the city of Watertown, or *vice versa;* and (3) a fifteen-cent rate for a round-trip ticket for journeys between Brownville and Watertown and return, or *vice versa.* The railroad was constructed, and thereafter the railway company, or its successor, continuously operated cars in the village of Brownville and in the city of Watertown, and between the two municipalities, in compliance with the terms of the franchise thus granted, until the month of August, in the year 1919. On the fifteenth day of that month and year the Black River Traction Company, which had succeeded to the rights of the Watertown and Brownville Street Railway Company, filed with the Public Service Commission a new schedule of rates. In this schedule the five-cent and ten-cent rates prescribed by the Brownville franchise were retained, but the fifteen-cent rate prescribed for round-trip tickets was eliminated. This schedule became effective on September 15, 1919, and has ever since been in force. The village of Brownville complained to the Public Service Commission because of the elimination of the fifteen-cent rate, and asked to have restored the rates prescribed by the franchise. The complaint having been dismissed a subsequent

application for a rehearing was made. This application having been denied the matter is now brought before this court for review by a writ of certiorari.

It was the constitutional right of the village of Brownville to grant or withhold a franchise. (Const. art. 3, § 18.) Having the power to make or refuse absolute grants, it could exert the lesser power of conferring defeasible franchises, and make the condition of defeasance a non-compliance with prescribed rates whether for urban or interurban service. In *People ex rel. W. S. St. R. Co.* v. *Barnard* (110 N. Y. 553) it was said: " Under this act and under the constitutional provisions applicable to the construction of street railways, the municipal authorities have the absolute power to grant or withhold their consent to the construction of street railways; and they may impose any conditions, however onerous or difficult to perform, which seem to them, in the exercise of their discretion, to be proper, as the terms upon which their consent will be given." It was said in *Matter of International Railway Company* v. *Public Service Commission* (226 N. Y. 474): " The condition, if it touches the future operation of the road, has the force of a condition subsequent, and, if its terms are not fulfilled, the consent may be revoked." In *Public Service Commission* v. *Westchester Street R. R. Co.* (206 N. Y. 209) the condition attached to a grant of a franchise by a municipality related, as here, to rates chargeable for journeys between the village granting the franchise and another municipality. The court there said: " Therefore the grant of the new franchise on the condition and consideration, amongst others, of a five-cent fare between the points now involved and the acceptance by the company thereof and its agreement to observe all the ' conditions, regulations and restrictions ' thereof made a valid contract." The franchise under consideration was granted at least seventeen years prior to the time when power was given to a public service commission to increase the maximum rates chargeable by a street railroad corporation. (Laws of 1907, chap. 429, § 49; Laws of 1911, chap. 546.) It was, therefore, a contract with the terms of which no interference by a public service commission was permissible. (*Matter of Quinby* v. *Public Service Commission*, 223 N. Y. 244; 227 id. 601; *Matter of*

*International Railway Company* v. *Public Service Commission*, 226 id. 474; *People ex rel. City of New York* v. *Nixon*, 229 id. 356.) It was said by CARDOZO, J., in the *Nixon* case that the precise holding made in the *Quinby* case was that by the new grant of power made in the years 1907 and 1911 " the Legislature did not intend to clothe the Commission with the power to release the obligation of then existing contracts between railroads and municipalities when the contracts established rates as conditions of a franchise." It was, therefore, not within the power of the Public Service Commission to adopt the schedule filed by the Black River Traction Company, and thereby to abrogate a condition attached to a franchise under which the railway still continued to operate. The rates prescribed should, therefore, be restored.

The determination of the Public Service Commission is reversed and the matter remitted for its further action.

JOHN M. KELLOGG, P. J., COCHRANE, KILEY and VAN KIRK, JJ., concur.

Determination reversed, with fifty dollars costs and disbursements, and matter remitted to the Public Service Commission for further action.