In the Matter of the Application of the VILLAGE OF BROWNVILLE for a Certiorari Order against THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK and WILLIAM A. PRENDERGAST and Others, as Members of Said Public Service Commission, and Another.

Third Department, June 27, 1924.

**Street railways — certiorari to review action of Public Service Commission in allowing increase of rates — determination of Public Service Commission that increased rates are just and reasonable sustained — Legislature had power to increase rates notwithstanding franchise agreement — New York Constitution, art. 3, § 18, construed — Public Service Commission had jurisdiction under Public Service Commission Law, § 49, as amended by Laws of 1921, chapters 134 and 335.**

The determination of the Public Service Commission that an increase in rates by the Black River Traction Company was just and reasonable is sustained.

The Legislature has the power to change rates even though they were established as a condition for the consents given under section 18 of article 3 of the New York Constitution, and it may exercise that power through the agency of the Public Service Commission.

The Public Service Commission had jurisdiction in this case to approve the increased rates, since its determination was made during the period in which it had the express authority to act under section 49 of the Public Service Commission Law, as amended by chapters 134 and 335 of the Laws of 1921.

H. T. KELLOGG, J., dissents.

CERTIORARI order granted out of the Supreme Court at the Jefferson Special Term and entered in the office of the clerk of the county of Albany on the 21st day of February, 1923, directed to William A. Prendergast and others, as members of the Public Service Commission, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had relating to the increase of passenger fare by the Black River Traction Company.

*Nathaniel F. Breen,* for the petitioner.

*Charles G. Blakeslee,* for the respondent Public Service Commission.

*Cobb, Cosgrove & Kimball* [*Delos M. Cosgrove* of counsel], for Black River Traction Company.

HINMAN, J.:

This is the second time that a review by certiorari has been sought of a determination of the Public Service Commission with reference to certain rates of fare of the respondent, Black River Traction Company. In each case substantially the same facts are presented. In the former proceeding (198 App. Div. 391) the case was decided under the law as it existed prior to the amendment of section 49 of the Public Service Commission Law by chapters 134 and 335 of the Laws of 1921, whereby a provision was inserted authorizing the regulation of fares by the Public Service Commission " notwithstanding that a higher * * * rate, fare or charge has been heretofore prescribed by general or special statute, contract, grant, franchise condition, consent or other agreement." This amendment of 1921 continued as the law until the passage of chapter 891 of the Laws of 1923 by which the amendments of 1921 were repealed and the law was made to read substantially as it was before the enactment of the law of 1921. The present determination of the Public Service Commission was made during the period in which the Legislature had conferred upon the Public Service Commission the power to regulate such rates of fare notwithstanding any " franchise condition, consent or other agreement."

The petitioner contends that the amendment of 1921 is unconstitutional on the ground that the Legislature is without power to change rates established by agreement as a condition of the consents given under section 18 of article 3 of the New York Constitution; and further that the new rates are unjust and unreasonable. The change of rate which has received the approval of the Public Service Commission has been the elimination of a fifteen-cent rate for round-trip tickets between Watertown and Brownville and the substitution thereafter of a rate of twenty cents for the round trip. The Public Service Commission has determined that this increase of rate was just and reasonable and we see no reason for disturbing that determination.

We are also satisfied that the Legislature has the power to change rates even though they were established as a condition for the consents given under the constitutional provision in question.

41

There is nothing in the constitutional provision relating to consents by local authorities and abutting property owners which expressly or by implication takes away from the Legislature the power to regulate rates. If the local authorities and abutting property owners attach conditions to their consents which are proper subjects of legislative regulation, the fact that the result may operate to defeat that condition does not take away from the Legislature its rate-making power when it chooses to exercise that power and the Legislature may exercise that power through the agency of the Public Service Commission. In the case of *Matter of Village of Mamaroneck* v. *Pub. Serv. Comm.* (208 App. Div. 330; affd., 238 N. Y. 588) we expressed the opinion that the Legislature had the authority to delegate this power to the Public Service Commission but that the Legislature had revoked that power by the repeal of the statute conferring it and that the Public Service Commission should be prohibited in that case from exercising such delegated authority after the revocation of its authority. That situation is not involved here, but the Public Service Commission has made its determination in this case during the period during which it had the express authority to act under section 49 of the Public Service Commission Law, as amended by the Laws of 1921. A case quite parallel to the instant case (*Matter of Fleming,* 117 Misc. Rep. 373) has covered the authorities and has reached the conclusion which we think must be reached here. Upon the reasoning in that case we think the determination of the Public Service Commission herein should be confirmed.

.The determination of the Public Service Commission should be confirmed, with fifty dollars costs and disbursements.

All concur, except H. T. Kellogg, J., dissenting.

Determination confirmed, with fifty dollars costs and disbursements.